## ST. LOUIS-S. F. RY. CO. v. MORRIS, Co. Treas.

No. 20405. Opinion Filed May 13, 1930.

E. T. Miller and Cruce & Franklin, for plaintiff in error.

Perry Porter, County Atty., for defendant in error.

ANDREWS, J. The parties hereto appear in the same order as they appeared in the trial court, and they will be referred to as plaintiff and defendant.

The plaintiff instituted a suit in the district court of Ottawa county to recover from the defendant money paid under protest for taxes alleged by it to be illegal, unauthorized, excessive, and void. From the judgment of the district court, as to a part of the taxes, the plaintiff appealed to this court.

The question presented is the validity of a levy of one mill for the fiscal year commencing July 1, 1927, for a tubercular fund for Ottawa county. That levy was attacked upon two grounds, the first of which is as follows:

"That section 8970, C. O. S. 1921, purporting to authorize an additional levy by counties, of not to exceed 1 mill, for tubercular fund purposes (such levy to be in addition to any levies for current expenses, as limited in the county involved, by section 9692), is unconstitutional because in violation of article 21, Oklahoma Constitution, as specifically construed by this court in an exactly similar case relating to an attempt to authorize a levy for insane patients' treatment, decided by this court in Board

of Commissioners of Logan County v. State ex rel. Short, 122 Okla. 268, 254 Pac. 710."

Under the view we take of the matter it is not necessary for us to consider the second ground.

The cause was tried upon an agreed statement of facts, from which it appears that Ottawa county levied a maximum of 4 mills for current expense purposes; that no election was held authorizing an increased levy for current expense purposes; and that a levy of one mill for a tubercular fund was made.

The trial court rendered a judgment for the defendant after finding that one mill for tubercular purposes was duly authorized under the record and the evidence in the case.

The maximum levy for current expense purposes of Ottawa county, without an election, is 4 mills. The Seventh Legislature, by House Bill No. 380 (Laws 1919, c. 234) section 10 (section 8970, C. O. S. 1921), provided:

"For the purpose of defraying the expense of transportation and treatment of patients afflicted with tuberculosis at the district sanatoria herein provided for, the excise board of each county is authorized to make an annual levy upon all property in the county, subject to taxes, on an ad valorem basis, of not exceeding one mill per annum, which is hereby declared not to be a current expense and to be for a special purpose, known as 'Tuberculosis Fund,' in addition to the maximum levy for current expenses now provided by law."

And if that provision is valid, the county was authorized to create such a fund and the excise board to make such a levy.

It is said by the plaintiff that that act is unconstitutional and in violation of article 21 of the Constitution. That article reads as follows:

"Educational, reformatory, and penal institutions and those for the benefit of the insane, blind, deaf, and mute, and such other institutions as the public good may require, shall be established and supported by the state in such manner as may be prescribed by law."

In support of that contention plaintiff cites Board of Commissioners of Logan County v. State ex rel. Short, 122 Okla. 268, 254 Pac. 710, and urges that while in that case the court considered the lunacy act of 1917 (sections 8280 to 8325, C. O. S. 1921), the same rule should be applied to the tubercular act of 1919 (sections 8961 to 8972, C. O. S. 1921). Plaintiff admits that the tubercular levy was sustained by this court in Alford v. Bonaparte, County Treasurer, 125 Okla. 164, 256 Pac. 935, but says that that case nowhere discusses the constitutionality of section 8970, supra. An examination of that case discloses nothing to indicate that the constitutionality of the section was under consideration, and there is nothing in the opinion holding that the section was not in violation of the Constitution.

We do not think it necessary to engage in an extended discussion as to the nature or characteristics of tuberculosis or its effect upon the human system.

We think that institutions for the treatment of tuberculosis are not for the care of aged, infirm, or misfortunate, as provided in section 3, art. 17, of the Constitution, and that they are, by clear implication, included in the meaning of article 21, supra.

Under the rule announced by this court in the case of Board of Commissioners of Logan County v. State ex rel. Short, supra, article 21, supra, places the burden of maintaining such institutions upon the state, and the Legislature is without authority to make the counties of the state liable for any portion of the expenses necessary to their maintenance.

The judgment of the trial court is reversed, and the cause is remanded to the district court of Ottawa county, with directions to render judgment in favor of the plaintiff in accordance herewith.

LESTER, V. C. J., and CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., and HUNT, J., absent.

Note.—See "Hospitals," 30 C. J. §5, p. 463, n. 24.