## PROTEST OF ST. LOUIS-S. F. RY. CO.

No. 20406.  Opinion Filed May 13, 1930.

E. T. Miller and Cruce & Franklin, for protestant.

Perry Porter, Co. Atty., for protestee.

ANDREWS, J.  This is an appeal from the judgment of the Court of Tax Review denying the protest of the St. Louis-San Francisco Railway Company against certain tax levies of Ottawa county, Okla., for the fiscal year beginning July 1, 1928, alleged to be illegal, excessive, and void.

The tubercular fund levy of one mill involves the identical contention made and determined in cause No. 20405, entitled, "St. Louis-San Francisco Railway Co. v. E. D. Morris," this day decided, 143 Okla. 160, 288 Pac. 306, and under that holding the judgment is reversed, and the cause is remanded, with directions to the Court of Tax Review to cancel, vacate, set aside, and hold for naught the tubercular fund levy of one mill.

The second contention presented by this appeal is the levy of one mill for the crippled children fund made under the provisions of section 4, chapter 81, of the Session Laws of 1927.

This record shows that a levy of one mill was made during the fiscal year 1927 for a crippled children's fund, thereby producing to that fund $1,720.44. Of this amount $806.97 was transferred to the current expense fund of the county. A levy

for the fiscal year commencing July 1, 1928, was made in the same amount. The amount transferred from the crippled children's fund to the current expense fund during the preceding year was ignored and not considered as a balance in the crippled children's fund. The Court of Tax Review sustained the levy for the announced reason that it had no power to go behind the financial statement and estimate of needs.

We agree with the Court of Tax Review that it could not go behind the financial statement and estimate for the purpose of determining the intent of the county officials in making their estimate of needs. That court is, however, authorized to go behind the financial statement to determine the balance on hand in the various funds.

Section 4, chap. 81, of the Session Laws of 1927, being the legislative authority for the making of a levy for the crippled children's fund, specifically provides that that fund shall not be subject to transfer under sections 5808 or 9701, C. O. S. 1921. The attempted transfer by the excise board from the crippled children's fund to the current expense fund was unlawful and void, and the crippled children's fund at the beginning of the fiscal year 1928 had on hand a balance equal to the amount illegally transferred. Where the county officials failed to show true balance on hand, it was the duty of the excise board to correct the financial statement, and upon its failure so to do it became the duty of the Court of Tax Review to correct the financial statement to show the true balance on hand.

This court, in Dickinson v. Blackwood, 76 Okla. 175, 184 Pac. 582, held that the unexpended balance from a road dragging fund could not be transferred to the general fund of a township, and that where such transfer necessitated a larger levy for road dragging purposes than otherwise would have been required, such levy is void to the extent of such excess. That holding has been followed by this court, and in Coggeshall & Co. v. Smiley, 140 Okla. 242, 285 Pac. 48, this court said:

"A transfer of funds to the current expense fund must be of funds available for current expenses, and cannot be made from a fund derived from a levy in excess of a fund for current expenses."

As this court there said, "to permit such would be to permit an increase in the current expense fund over that authorized by the statute." Where an illegal transfer has been made from a fund, the amount thereof remains, as a matter of law, in the fund and must be considered as a balance on hand in determining the amount necessary to be raised by ad valorem taxation for that fund for the next fiscal year.

The crippled children's fund was raised for the benefit of the crippled children of Ottawa county, and the county taxing officials of Ottawa county were without authority of law to take that fund from those children and use it for the payment of current expenses. If any portion of the fund was not necessary for the use of the crippled children during that fiscal year, it should have been carried forward and considered as a balance on hand in that fund at the end of the fiscal year.

The cause is reversed, with directions to the Court of Tax Review to vacate, set aside, and hold for naught the tubercular levy and to compute the crippled children's fund levy with the balance on hand in that fund as an asset, and to make such further orders as are necessary and in conformity with this opinion.

LESTER, V. C. J., and CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., and HUNT, J., absent.

Note.—See "Counties," 15 C. J. § 285, p. 584, n. 66. "Hospitals," 30 C. J. § 5, p. 463, n. 24.