## PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 20526. Opinion Filed May 13, 1930.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robt. E. Lee, for protestant.

Geo. M. Callihan, Co. Atty., and I. L. Harris, Asst. Co. Atty., for protestee.

ANDREWS, J. This is an appeal from the judgment of the Court of Tax Review denying the protest of the Chicago, Rock Island & Pacific Railway Company against certain tax levies of Oklahoma county for the fiscal year beginning July 1, 1928, alleged to be illegal, excessive, and void.

The protestant alleges that the sinking fund levy made by the excise board of Oklahoma county in the amount of .76 mills was excessive and void. After the filing of the protest the excise board reduced the levy to .32 mills, and upon the hearing before the Court of Tax Review the protestee admitted that the original levy of .76 mills was excessive and contended that the levy as corrected was valid.

It is the contention of protestant that the sinking fund had in it a sufficient surplus balance to take care of its requirements and that it was unnecessary to make any tax levy for that purpose. The question presented was the amount of the surplus balance at the beginning of the fiscal year. The Court of Tax Review found for the protestee.

The protestee contends that the true balance was $45,969.43, and the protestant contends that it was $148,516.85. The difference in these figures is accounted for by the method used in making the computations. Protestant contends that the county officials failed to make an appropriation each year for sinking fund purposes and that there should be deducted from the amount of liability against the sinking fund an amount equal to the amount that should have been appropriated for those years and was not appropriated. Protestant contends that the rule announced in Missouri, K. & T. Ry. Co. v. Goad, 117 Okla. 129, 245 Pac. 617, is applicable, and that where a deficit appears in the sinking fund due to failure to levy a sufficient tax for a preceding year, such omitted levy cannot be made in any subsequent year. We agree with that rule. It has been consistently applied by this court, but it is not applicable to the facts shown by the record in this case. Here there was no attempt made to levy a tax sufficient for more than the needs of the current year. The case of Gulf Pipe Line Co. v. County Treasurer, 110 Okla. 163, 236 Pac. 896, is nowise in point.

The theory of the protestant that where the county officials fail to provide the funds necessary for sinking fund purposes for any year they cannot make an additional levy in a subsequent year, is sound and we would apply that rule in this instance if an attempt was being made here to levy a greater rate for sinking fund purposes than the needs of the sinking fund for any year required. This record shows no such condition of facts. The rate of levy as approved by the Court of Tax Review, .32 mill, is not excessive, and the judgment of that court is affirmed.

LESTER, V. C. J., and RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., and HUNT and CLARK, JJ., absent.

Note.—See "Counties," 15 C. J. § 349, p. 635, n. 86.