## PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 21273. Opinion Filed Nov. 25, 1930.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for protestant.

Fred Wallace, County Atty., and J. N. Robertson, City Atty., for protestee.

ANDREWS, J. The Chicago, Rock Island & Pacific Ry. Company, a corporation, protested certain tax levies made by the excise board of Canadian county for the fiscal year beginning July 1, 1929, as illegal and excessive.

Notice of appeal was given by the protestee from that portion of a judgment directing the cancellation of a number of the levies, but that appeal was never perfected. In re Protest of Magnolia Petroleum Co., 138 Okla. 205, 280 Pac. 574. Protestee makes no reference to its attempted appeal in the brief filed by it herein.

An appeal was taken by the protestant from that portion of the judgment denying its protest as to items 3 and 4, item 3 involving the general fund of the city of El Reno and item 4 involving the library fund of that city. It was alleged by the protestant with reference to item 3 that there had been a transfer of an unexpended balance from the current expense fund to a special improvement fund, but that allegation was waived by the protestant at the hearing before the Court of Tax Review. With reference to the same item it was alleged and

admitted that there was a transfer of an unexpended balance from the current expense fund to the library fund. As to that item the issue presented is one of law and is whether or not there can be a legal transfer of an unexpended balance from a current expense fund of a city to a special or library fund of a city.

The protestant contends that the transfer was of funds derived from taxes imposed for current expense purposes and that the transfer thereof to the library fund was in violation of section 19, art. 10, of the Constitution of Oklahoma, which provides that "* * * no tax levied and collected for one purpose shall ever be devoted to another purpose." In support thereof the protestant cites a decision of this court in Dickinson v. Blackwood, 76 Okla. 175, 184 Pac. 582, holding that a transfer from a road dragging fund to a current expense fund of a township is illegal. That has been the uniform holding of this court.

With reference to item 4 the protestant contends that the amount of the appropriation for the library fund was excessive in that the $1,800 shown as an unexpended balance in that fund had been illegally transferred from the current expense fund and that an excessive amount had been shown in the uncollected tax item, thereby showing an unexpended balance in excess of that actually existing. The finding of the Court of Tax Review was general and was in favor of the protestee. We are unable to say from the evidence that the judgment of the Court of Tax Review with reference to the alleged error in the uncollected tax item is against the clear weight of the evidence, and its finding thereon is affirmed.

The question as to the legal effect of the transfer of the $1,800 from the current expense fund to the library fund is involved in both items 3 and 4. If that transfer was illegal and the amount thereof should be shown as an unexpended balance in the current expense fund, it cannot be considered as a balance on hand in the library fund. On the other hand, if the transfer thereof was legal, it should not be considered in the current expense fund and should be considered in the library fund.

Protestant cites cases from other courts. The decisions in those cases must of necessity depend upon the peculiar tax statutes on which they are based. This court has never heretofore determined the effect of such a transfer.

The reason for the rule prohibiting a transfer from a special fund to a current expense fund is twofold. Funds raised by taxation for one purpose cannot, under the Constitution of Oklahoma, be used for another purpose. A transfer cannot lawfully be made that will result in making a fund larger in amount than could have been raised by taxation for that fund under the constitutional and legislative restrictions on the rates of levy. A transfer from a current expense fund to a special fund is likewise prohibited where such a transfer would result in a violation of either or both of those restrictions.

This court, in C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 Pac. 48, said:

"A transfer of funds to the current expense fund must be of funds available for current expenses, and cannot be made from a fund derived from a levy in excess of a fund for current expenses. * * *

"To permit such would be to permit an increase in the current expense fund over that authorized by the statute."

See In re Protest of St. L.-S. F. Ry. Co., 143 Okla. 145, 288 Pac. 307.

A levy for a library fund, under the provisions of chapter 7 of the Session Laws of 1927, may be in excess of the levy for current expenses. C. D. Coggeshall & Co. v. Smiley, supra. Under the rule therein stated, to permit a transfer to be made from a library fund to the current expense fund would be a violation of both of the prohibitions and would be void.

The question at issue here is: Would a transfer from a current expense fund to the library fund violate either or both of those prohibitions?

The validity of section 1, ch. 7, Session Laws of 1927, relating to the establishment and maintenance of public libraries, was before this court in Protest of C., R. I. & P. Ry. Co., 137 Okla. 186, 279 Pac. 319, and that act was therein held to be constitutional and valid. This court, in Missouri, K. & T. Ry. Co. v. Bennett, Co. Treas., 122 Okla. 102, 250 Pac. 1021, had held that under section 9692, C. O. S. 1921, an appropriation for the maintenance of a library was within the limitation fixed for current expense and the maintenance thereof was a current expense. In Protest of C., R. I. & P. Ry. Co., supra, this court held that the Act of 1927 was for the purpose of overcoming "the objections leveled at the law and sustained by the court, so as to make it definite and certain that the levy for a

library fund was in addition to the general current expense levy." This court therein said that the history of the legislation upon the subject disclosed the legislative intent "to authorize the county excise boards of the respective counties to make an additional levy in excess of the 6 mills for current expenses for the city, and still keep the same within the limits fixed by the Constitution, * * *"

Section 1, ch. 7, Session Laws of 1927, was amended by chapter 49, Session Laws of 1929. The amendment made no change in the 1927 Act material in the consideration of this case. That act is the act applicable herein. It authorizes the establishment and maintenance of public libraries and reading rooms and the making of "a tax levy of not to exceed two (2) mills" for library purposes to be known as the library fund, and provides:

"Said tax levy of not to exceed two (2) mills shall not be for a current expense of said municipality, but shall be for the special purpose of said library fund, and said tax levy shall be made in excess of, and in addition to, the maximum levy for current expense purposes now provided by law for such cities or towns."

The excise board is thereby authorized to make a levy of not to exceed two mills for library purposes. The statutory maximum levy for current expense purposes is 6 mills. Since the Legislature has seen fit to provide that the establishment and maintenance of a public library or reading room is not a current expense and has seen fit to provide a special limited fund for library purposes, we must hold that the transfer of funds from the current expense fund to such a library fund would be not only a violation of the constitutional inhibition against using funds derived from a tax levy collected for one purpose, for another purpose, but to create in the library fund an amount in excess of the maximum amount that could be raised for that purpose by taxation.

The transfer of $1,800 from the current expense fund to the library fund was illegal and void, and the amount thereof remains, as a matter of law, in and must be considered as a balance on hand in the current expense fund. In re Protest of St L.-S. F. Ry. Co., supra.

The judgment of the Court of Tax Review is affirmed, except as to items 3 and 4 of the protest, as to which items it is reversed. The cause is remanded to the Court of Tax Review, with directions to consider the sum of $1,800 as a part of the unexpended balance on hand in the current expense fund, to deduct that amount from the unexpended balance in the library fund and to make such other orders as are consistent herewith.

MASON, C. J., LESTER, V. C. J., and RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. HUNT and CLARK, JJ., absent.