## ST. LOUIS-S. F. RY. CO. v. SANDERS, County Treas.

No. 20602. Opinion Filed Jan. 19, 1932.

E. T. Miller and Cruce & Franklin, for plaintiff in error.

Sanford Martin, Co. Atty., for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Cherokee county in favor of the defendant in error, defendant in the trial court, against the plaintiff in error, plaintiff in the trial court. Hereinafter the parties will be referred to as plaintiff and defendant.

The appeal involved the judgment rendered on the first, second, and fourth causes of action. The plaintiff now admits that the law with reference to the issues involved in the first and fourth causes of action have been decided adversely to it, and that those issues need not be further considered. There remains for determination by this court the law with reference to the second cause of action.

The second cause of action involves a tax levy of .79 mill for sinking fund purposes for Cherokee county. The facts with reference thereto, as agreed upon, are as follows:

"Upon the second cause of action, it is agreed that for said year 1927, the county excise board of Cherokee county made a levy for its county sinking fund of an item of .79 mill, which was levied for the purpose of paying paving tax assessments on account of paving constructed on streets abutting upon property owned by said county, to wit, the county courthouse and grounds, and that in addition thereto, without any election, said county levied for its current expense fund a total of 6 mills, the maximum allowed it by law to be levied for current expenses, without an election; that plaintiff's valuation in said county, upon which it paid tax, for said year, was $974,794, and .79 mill thereon amounts to $770.08."

There is no authority of law for using a sinking fund or any part thereof for the purpose of paying paving assessments, and there cannot legally be included in an appropriation for sinking fund purposes an amount for the payment of paving assessments. The inclusion of an item in an estimate for sinking fund does not change its nature. Going, Co. Treas., v. Atchison, T. & S. F. Ry. Co., 106 Okla. 258, 234 P. 346. The levy for the sinking fund of the county, therefore, was excessive to the amount of .79 mill.

The provisions of section 8587, C. O. S. 1921, have no application to the paving of streets.

Our attention is called to but one other theory upon which the trial court could have denied the prayer of the plaintiff, that is, that a levy for paving assessments is not within the limitations of section 9692, C. O. S. 1921, and can be made in addition thereto within the limitations contained in section 9, art. 10, of the Constitution. While no estimate was made for that purpose other than as a part of the sinking fund, and no levy was made therefor, we will consider the question by reason of its public nature. Taxes are required to be levied by general laws (section 14, art. 10, of the

Constitution), and the Legislature may, by general laws, confer upon the proper authorities of the county the power to assess and collect taxes for county purposes. Section 20, art. 10, of the Constitution. Such authority is given by section 20 of the 1923 act, ch. 173, which provides that counties shall annually provide for the levy of taxes in a sufficient sum to pay the maturing assessments for paving and the interest thereon. The rate of levy is limited by section 9, art. 10, of the Constitution. Is the rate of levy limited by section 9692, supra? If it is so limited, then the plaintiff must recover in this action, for the maximum levy authorized by section 9692, supra, was made in addition to the levy involved herein.

From the language of the act, it appears that the levy is required to be made annually, and, by the provisions of the statute, for a period of ten years. The provisions of section 9692, supra, apply to a levy for current expenses, the maximum amount thereof for Cherokee county being six mills. In Oklahoma News Co. v. Ryan, Co. Treas., 101 Okla. 151, 224 P. 969, there was under consideration section 1, ch. 297, Session Laws 1919, which authorized a levy of not to exceed one-half mill on the dollar on all taxable property in counties having a population of 52,000 persons for the purpose of buying a suitable farm and the erection of a building and the maintenance of a county supervised school for a home for dependent and neglected white boys of such county under the age of 16 years. It was therein held that that fund was a part of the fund for current expenses, and that it was not in addition to the levy for current expenses as limited by section 9692, supra. In St. Louis-San Francisco Ry. Co. v. McIntosh, Co. Treas., 103 Okla. 246, 229 P. 1064, it was held that a county levy for the general road and bridge fund of the county and a county levy for the free fair fund of the county are a part of the current expenses of the county, as limited by section 9692, supra. The same rule was applied as to the library fund and cemetery fund in Missouri, K. & T. Ry. Co. v. Bennett, Co. Treas., 122 Okla. 102, 250 P. 1021.

We have examined the 1923 act under the rule stated, and we find nothing therein to indicate an intention on the part of the Legislature that a tax levy for the purpose of paying the assessments for paving the streets around a courthouse may be made in excess of the limitations contained in section 9692, supra.

The trial court was in error in denying the second ground of protest of the plaintiff, and for that error its judgment is reversed and the cause is remanded to the district court of Cherokee county, with directions to sustain the protest of the plaintiff as to the second cause of action. As to the first and fourth causes of action, the judgment of the trial court is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.