### PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 23526.    Opinion Filed June 13, 1933.

& P. Ry. Co., cause numbered 23678, 164 Okla. 118, 23 P. (2d) 157. The decision in that case is applied herein, and the judgment of the Court of Tax Review is reversed with the same direction that was given in that case, which is to strike from the appropriation any portion thereof intended to be used for the purpose of defraying the expense of the treatment of patients afflicted with tuberculosis at any district sanatoria.

The plaintiff in error contends that there was error on the part of the Court of Tax Review in sustaining the protest as to a portion of the amount appropriated by the excise board for the sinking fund of the city of Ardmore.

The record shows that the amount necessary to be raised for sinking fund purposes, with 10 per cent. added for delinquencies, was $145,862.12, and that the excise board deducted from that amount certain items of anticipated revenue totaling $13,212,72, leaving a balance to be raised by ad valorem taxation in the sum of $132,649.40. No attack was made on the deduction of the anticipated revenue. Apparently those items were not considered by the Court of Tax Review. The Court of Tax Review found and held that the appropriation for the sinking fund was excessive and ordered a reduction of the rate of levy fixed by the excise board to the extent of .5869 mill. That finding was based on a finding that there was a surplus unaccounted for. The plaintiff in error contends that that surplus was applied to make up, in part, an existing deficit in the sinking fund. The defendant in error contends that that surplus should have been applied to the reduction of the ad valorem tax for the fiscal year in question. The determination of that question is dependent upon the source from which the surplus was derived. If it was from sources other than ad valorem taxation, under the rule stated in Re Protest of Chicago, R. I. & P. Ry. Co., 143 Okla. 161, 288 P. 337, it may be applied toward the existing deficit in the sinking fund and need not be applied to the reduction of the rate of ad valorem taxation for the current year. On the other hand, if it was derived from the collection of ad valorem taxes, its application is dependent upon the record as to the year for which those taxes were levied. If that record shows that any portion of the existing deficit in the sinking fund was caused by a failure to collect the full amount of the taxes during that fiscal year, so much of the taxes for that year subsequently col-

Marvin Shilling, Co. Atty., J. E. Williams, City Atty., and Williams & Williams, for plaintiff in error.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for defendant in error.

ANDREWS, J. This is an appeal by the protestee from a judgment of the Court of Tax Review sustaining the protest of the Chicago, Rock Island & Pacific Railway Company to certain tax levies for the fiscal year commencing July 1, 1931, made by the excise board of Carter county.

The plaintiff in error contends that there was error on the part of the Court of Tax Review in sustaining the protest as to .109 mill levied for what is known as the tubercular and public health fund of the county. That is the identical issue determined by this court in Re Protest of Chicago, R. I.

lected as is necessary to make up that deficit may be used for that purpose. On the other hand, if there was no deficit for that fiscal year, the amount subsequently collected must be carried forward as a surplus and used to reduce the ad valorem tax for subsequent fiscal years. We are unable to determine from the record definitely the source from which the surplus was derived. If, as it appears from the record, the surplus was caused by the collection of some portion of the 10 per cent. added for delinquencies during the last preceding fiscal year, it must be carried forward as a surplus and used to reduce the rate of taxation for the current year, and it may not be used for the purpose of reducing the existing deficit in the sinking fund. In other words, if the needs of the sinking fund for any fiscal year were fully supplied by the funds collected by ad valorem taxation for that year, whether they were collected during that year or some subsequent year, any surplus collected must be carried forward as a surplus and used to reduce the rate of ad valorem taxation for the subsequent year. On the other hand, if those needs were not satisfied by the collection during the fiscal year for which the levy was made, and a deficit in the sinking fund resulted, that deficit may be made up when the taxes for that fiscal year are subsequently collected, but if there are subsequent collections exceeding the needs for that fiscal year, then the surplus must be used to reduce the rate of ad valorem taxation and may not be used for the purpose of reducing an existing deficit in the sinking fund.

However, in this case it appears that there was an erroneous deduction from the needs of the fiscal year in the amount of $13,212.72 by reason of anticipated revenue, which is in violation of the rule stated in Adjustment Realty Co. v. Excise Board, 149 Okla. 70, 299 P. 207, and other decisions of this court. That amount was in excess of the amount of surplus found to exist.

Although the judgment of the Court of Tax Review is correct as to the surplus, it erred in reducing the amount of the needs for the sinking fund, for it should have required the application of the surplus and it should have stricken the amount of deductions for anticipated revenue.

We, therefore, find and hold that the judgment of the Court of Tax Review should be reversed, with directions to add the amount of surplus revenue to the balance on hand and to strike from the computation the amount of anticipated revenue used in the computation. It is so ordered.

It is further ordered that the time for filing a petition for rehearing herein is limited to ten days from this date.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. OSBORN, J., absent.