### PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 23678. Opinion Filed June 13, 1933.

Clarence Tankersley, Co. Atty., and Roy Lewis, for plaintiff in error.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for defendant in error.

ANDREWS, J. This is an appeal by the protestee from a judgment of the Court of Tax Review sustaining a protest of the Chicago, Rock Island & Pacific Railway Company to certain tax levies for the fiscal year commencing July 1, 1931, made by the excise board of Pottawatomie county.

The plaintiff in error contends that there was error on the part of the Court of Tax Review in sustaining the protest as to .1069 mill levied for what is known as the tubercular and public health fund of the county, notwithstanding the decisions of this court in St. Louis-S. F. Ry. Co. v. Morris, Co. Treas., 143 Okla. 160, 288 P. 306, and Protest of St. Louis-S. F. Ry. Co., 143 Okla. 145, 288 P. 307. It contends that those decisions are not controlling for the reason that section 8970, C. O. S. 1921, thereby construed, was amended by section 1, chapter 283, Session Laws 1929, section 5281, O. S. 1931, and that the reason for the rule stated in those decisions is not applicable to the amended section.

It appears that section 8970, supra, was so amended by adding thereto language as follows:

"* * * And care of tubercular patients in their respective counties and for the prevention of conditions that are predisposing causes of tuberculosis and other devastating diseases, the prevention and control of epidemics, the promotion of the public health or for the expenses of a county department of health and for the compensation of its employees. * * *"

As to the portion of the section as amended which was construed in the decisions cited, we apply the rule stated in those decisions. As to the portion of the section as amended which was added by the amendment, we find, and hold, that the rule stated is not applicable, and that that portion of the amended section is a valid and constitutional grant of authority.

For the reason stated, we hold that the Court of Tax Review erred in sustaining the protest, and its judgment is reversed.

The record does not show what portion of the sum sought to be appropriated was to be used for the purpose of defraying the expense of treatment of patients afflicted with tuberculosis at the district sanatoria provided for, and what portion thereof was intended to be used for the caring of tubercular patients in Pottawatomie county. It appears that if upon further consideration of the case any portion of the attempted appropriation was to be used for the purpose of defraying the expense of treatment of patients afflicted with tuberculosis at the district sanatoria, the appropriation should be reduced in that amount.

The plaintiff in error contends that there was error on the part of the Court of Tax Review in sustaining the protest as to the part of the levy made for the sinking fund of Pottawatomie county. It contends that the levy for that purpose was valid although it was made for the purpose of providing for interest and accruals on certain drainage time warrants that had been issued by the county. We find no error in the sustaining of that protest. The interest and accruals on the drainage time warrants, if paid, must be paid from the current expense fund of the county. Those items constitute no part of the sinking fund, and there is no provision of law authorizing the creation of a sinking fund for those purposes.

The plaintiff in error contends that it is immaterial whether provision be made for payment from the current expense fund or the sinking fund. That contention is without merit. There is no constitutional or statutory limitation as to the amount of sinking fund that may be raised, the only limitation thereon being the amount necessary for sinking fund purposes. There is both a constitutional and statutory limitation as to the amount of levy that may be made for current expense purposes.

Since there is no provision of law for the creation of a sinking fund for the purpose of paying the interest and accruals on drainage time warrants, the Court of Tax Review did not err in striking the item therefor from the appropriation and levy for the county sinking fund. Its judgment as to that item is affirmed.

The appeal by the plaintiff in error as to item No. 9 of the protest heretofore has been dismissed by the parties, and the judgment of the Court of Tax Review as to that item is affirmed.

It is further ordered that the time for

120

filing a petition for rehearing herein is limited to ten days from this date.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. OSBORN, J., absent.