## CHICAGO, R. I. & P. RY. CO. v. EXCISE BOARD OF POTTAWATOMIE COUNTY.

No. 24704.    Feb. 13, 1934.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiff in error.

Clarence Tankersley, Co. Atty., and Randall Pitman, City Atty., for defendant in error.

ANDREWS, J. The plaintiff in error appealed to this court from a judgment of the Court of Tax Review denying a part of its protest of taxes levied for the fiscal year commencing July 1, 1932.

The appeal from the judgment as to item numbered 2 thereof was voluntarily dis-

missed, and the judgment of the Court of Tax Review thereon is final.

Item numbered 1 of the protest pertaining to a part of the general fund of Pottawatomie county was denied. That protest was based on the claim that, in computing the rate of levy for that fund, there should have been considered, as a part of the balance on hand, an amount that had been raised by ad valorem taxation for current expense purposes. The record shows that the amount complained of was the residue of an amount that had been raised by ad valorem taxation for a courthouse and jail construction fund. Having been raised for that purpose, it was not a part of the current expense fund, and, under the provisions of section 19, article 10, of the Constitution and prior decisions, it could not become a part of that fund until such time as it was found to be no longer necessary for the purpose for which it was raised. There is nothing in the record to show that the amount was no longer necessary for the purpose for which it was raised. Neither the excise board nor the Court of Tax Review was authorized to say that the fund could be considered as a part of the current expense fund of the city. The judgment of the Court of Tax Review thereon is affirmed.

Item numbered 6 of the protest involving the library fund of the city of Shawnee was denied. That protest was based on the claim that there was included in the estimate and appropriation for the library fund the sum of $1,257 for what appears in the financial statement and estimate as "Spec. paving Tax 1929-32." We pass without discussing the apparent effort to secure an appropriation for a purpose that existed prior to the fiscal year, for the reason that the question is not presented in the briefs. We are calling attention to the language used in the estimate for the reason that that language shows that the pavement was constructed under the general paving law, and not, as stated in the brief, for the purpose of putting in a small piece of paving immediately in front of and adjacent to the library. If, as the record indicates, the pavement in question was constructed on a public street in the city of Shawnee, under the paving law of the state, it is a part of the current expense of the city and may not be paid from the library fund. If it is not so situated, or was not so constructed, then the debt, having been created during a prior fiscal year, cannot be paid from the funds for the fiscal year in question. The record shows that a levy for the current expenses of the city was made in the maximum amount authorized under the provisions of the statute. An item of current expense of a city cannot be included in a library fund for the purpose of thereby increasing the rate of taxation authorized by the statute. We have carefully examined the provisions of section 6347, O. S. 1931, relied on by the excise board as its authority for the appropriation in question, and we find nothing therein authorizing such a use of the library fund.

The installments of paving assessments against city owned real estate constitute a part of the current expense of the city. Section 20, chapter 173, Session Laws 1923; section 6231, O. S. 1931; St. Louis-S F. Ry. Co. v. Sanders, Co. Treas., 154 Okla. 159, 7 P. (2d) 161.

The judgment of the Court of Tax Review is reversed and the cause is remanded to that court, with directions to sustain the protest as to item numbered 6.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur.