## CHICAGO, R. I. & P. R. CO. v. EXCISE BOARD OF STEPHENS COUNTY.

No. 25419. June 29, 1934.

520

W. R. Bleakmore, W. L. Farmer, John

Barry, and Robert E. Lee, for plaintiff in error.

Jerome Sullivan, Co. Atty., and Arthur J. Marmaduke, Asst. Co. Atty., for defendant in error.

Hunt & Eagleton, amici curiae.

BUSBY, J. This action involves protested tax levies of Stephens county for the fiscal year of 1933-34. It comes to this court on appeal from decision of the Court of Tax Review holding the levies involved to be valid.

The Chicago, Rock Island & Pacific Railway Company, a corporation, plaintiff in error, was protestant in the lower court, and the excise board of Stephens county, defendant in error herein, was protestee before the court below. For the sake of convenience the parties will be referred to in this opinion as protestant and protestee, respectively, when not otherwise designated.

The total assessed valuation of Stephens county was $12,610,274. The maximum ad valorem tax levy authorized for county current expense purpose was 4.5 mills by virtue of the provisions of grammatical paragraph No. 5 of subdivision (a) of sec. 1 of chapter 122, S. L. 1933. The protestee made a levy of 4.80 mills, asserting that it was authorized to exceed the maximum levy prescribed by the Legislature by virtue of authority granted to it by section 9 of art. 10 of the Constitution, as amended at the special election of August 15, 1933. This levy was protested before the Court of Tax Review on the theory that the maximum levy prescribed by existing law at the time of the adoption of the constitutional amendment could not be exceeded by the excise board. The lower court denied the protest and sustained the levy. The decision of the Court of Tax Review should be affirmed under authority of Atchison, T. & S. F. Ry. Co. v. Excise Board of Washington County, 168 Okla. 619, 35 P. (2d) 274, in which we held in substance that the limitations on levies prescribed by chapter 122, S. L. 1933, were abrogated by section 9 of art. 10, Oklahoma Constitution, as amended.

The next item of protest to be considered involves the levy for the crippled children's fund of Stephens county. This levy was made pursuant to legislative authority (granted by chapter 81, S. L. 1927, chapter 14, art. 5, sections 1748-1755, O. S. 1931). It was protested on the theory that certain provisions of section 9 of art. 10, and the provisions of article 21 and of section 57 of art. 5, of the

state Constitution were thereby violated. The Court of Tax Review denied the protest. The decision of that court will be affirmed for the reasons hereafter stated.

It is contended by the protestant that a portion of the fund created by the levy may be used to maintain and support the University Hospital, a state institution. That a levy made for such a purpose is in contravention of that part of section 9 of article 10 of the state Constitution, as amended on August 15, 1933, which reads:

"No ad valorem tax shall be levied for state purposes, nor shall any part of the proceeds of any ad valorem tax levy upon any kind·of property in this state be used for state purposes."

And that it violates article 21 of the state Constitution, which provides:

"Educational, reformatory, and' penal institutions and those for the benefit of the insane, blind, deaf, and mute and such other institutions as the public good may require, shall be established and supported by the state in such manner as may be prescribed by law."

This latter provision has been held to prevent a county from contributing in whole or in part to the support and maintenance of a state institution. Board of Commissioners of Logan County v. State ex rel. Short, Atty. Gen., 122 Okla. 268, 254 P. 710; St. L.-S. F. Ry. Co. v. Morris, 143 Okla. 160, 288 P. 306; Protest of C., R. I. & P. Ry. Co., 164 Okla. 118, 23 P. (2d) 157. The provision of section 9, art. 10, as amended, quoted, supra, constitutes an additional reason for adhering to the views announced in the cited cases.

Section 2 of the act in question (sec. 1749, O. S. 1931) provides, in part:

"* * * The court, with the consent of the parent or parents, guardian or other persons having the legal custody of said child, shall enter an order directing that the said child be taken or sent to the University Hospital, situated in Oklahoma City, Okla., for free medical and surgical treatment and hospital care. Provided, that if the child is afflicted with some deformity or malady which falls within the field of plastic or orthopedic surgery, the court may order said child sent to other hospitals of the state of Oklahoma, if the parent or guardian is willing and such hospitals are willing to accept cases under the provisions and compensation as set out in this act."

The above-quoted provision would seem to contemplate medical and surgical treatment and hospital care of crippled children free of charge to either county or parents. However, in contrast, the latter portion of section 4 (sec. 1751, O. S. 1931) provides:

"Provided, that no county shall be held liable for indebtedness incurred under the provisions of this act during the fiscal year in an amount greater than the sum lawfully available under said levy; provided, further, that when claims equal to the funds lawfully available under said levy in any county have been duly presented to, and allowed by, the board of county commissioners of said county, said board shall give written notice that said crippled children's fund is exhausted. Accompanied by a certified account of all expenditures under this act to the judge of the juvenile court of said county and to the University of Oklahoma School of Medicine: and provided, further, that after such notice has been given, the said judge may commit patients from such county to the University Hospital of the state of Oklahoma, and that said hospital shall accept such patients under the terms of section 3 of this act, and the expense incurred for the care and treatment of such patients shall be borne entirely by the funds regularly established for the maintenance and support of said hospital."

Which. provision by implication contemplates that the county shall bear the expense of the patient's care and treatment in the University Hospital until the county fund becomes exhausted. In so far as the act by implication may be said to authorize the payment of any part of the crippled children's fund to the University Hospital, a state institution, for the care of crippled children, the same violates the provisions of article 21, supra, and is unconstitutional and void. Protest of C., R. I. & P. Ry. Co., supra. This, however, does not render invalid the remainder of the act, since without the portions held void the act is operative when considered as a whole, and the valid portions are not dependent for their continued effectiveness on the invalid provisions. If the unconstitutional portions of a statute are severable from the rest in such a way that it may be presumed that the valid portions would have been enacted with the invalid portions eliminated, the failure of the latter will not render the entire statute void. On the contrary, the statute will be enforced as to the constitutional and valid portions thereof. Wood & Co. v. Russell, 102 Okla. 92, 226 P. 1040; In re Sprankle, 69 Okla. 178, 170 P. 1147; Dies v. Bank of Commerce, 100 Okla. 205, 229 P. 474. We hold that no portion of the crippled children's fund may be paid by the county to the State University for the maintenance of that state institution.

If the only purpose of the fund were for payment to the University Hospital, we would sustain the contention of the protestant and

strike down the entire levy. However, other legitimate expenditures may be made from the fund as contemplated by the act. A reading of the act will reveal a number of legitimate expenditures provided therein that may be authorized by the proper county authorities.

It is also asserted by the protestant that the portion of chapter 81, S. L. 1927 (sec. 4), authorizing a special levy for the crippled children's fund in excess of the maximum statutory limitation on levy, is void by reason of the title, which provides:

"An act amending chapter 105, Session Laws 1923, providing for medical and surgical treatment and hospital care of children who are afflicted with any malady or deformity which can likely be remedied, whose parents, or other persons legally chargeable with their support, are unable to provide such treatment and care; providing for payment of the expenses thereof, and conferring jurisdiction on juvenile courts in such cases; providing for the commitment of such children to the University Hospital; defining the powers and duties of said institutions; further providing for commitment of such children to other hospitals in certain cases; authorizing the University Hospital to bear certain expenses hereunder; providing for qualifications and approval of hospitals, physicians, and surgeons; providing for clinics to be held throughout the state; providing for the levy of a tax for expenditures hereunder, and repealing all laws in conflict herewith, and declaring an emergency."

Section 57 of article 5 of the Constitution, which is said to be violated by the title above quoted, reads:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length; Provided, that if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

In support of its contention on this point protestant relies on the case of Jones v. Blaine, 149 Okla. 153, 300 P. 369. An analysis of that case discloses that it is clearly distinguished from the case at bar. In that case the body of the act provided for a levy for cemetery purposes in addition to maximum statutory levy for current expense. The title of the act failed to indicate that any provision was made for any levy at all. The title was held insufficient. Whereas, in this case the title of the act specifically states that it provides "for the levy of tax for expenditures hereunder." It was wholly unnecessary for the Legislature to abstract the contents of the act in the title thereof. The statement in the title of the act that the "act provided for a levy" was ample and sufficient to put the legislators and other interested persons on inquiry as to the details of the levy provided. The requirements of section 57 of article 5, supra, were satisfied by the title under consideration. The title fairly indicated the general purpose of the act to provide a levy for expenditures under the act, and was therefore sufficient. In re Dawson et al., 136 Okla. 113, 277 P. 226; State ex rel. Fulton v. State Election Board, 168 Okla. 446, 33 P. (2d) 800. While the provision of the Constitution relating to the titles of legislative acts is mandatory, it is not to be enforced in such a manner as to cripple legislation. Dabney v. Hooker, 121 Okla. 193, 249 P. 381; In re County Com'rs of 7th Judicial Dist., 22 Okla. 436, 98 P. 557.

The next item of protest involves the home demonstration fund, which is another levy in addition to the maximum current expense levy. The excise board of Stephens county made such additional levy. The authority to make the same is found in section 2 of chapter 154, S. L. 1933. This levy was protested on the theory that the title of the act is insufficient to comply with the requirements of section 57 of article 5, supra. The questioned title reads:

"An act relating to the expenditure of money by counties for farm demonstration work and home demonstration work, including 4-H club work, in co-operation with the United States Department of Agriculture and the Oklahoma Agricultural and Mechanical College, authorizing the excise board to make a levy to provide funds in order to co-operate with the Department of Agriculture and the Oklahoma Agricultural and Mechanical College, amending section 8775, Oklahoma Statutes 1931, and declaring an emergency."

The Court of Tax Review properly held the above title sufficient to authorize the additional levy. The decision of that court is affirmed. The reason upon which our decision on this point is based is set forth supra, in connection with the title to chapter 81, S. L. 1927.

The decision of the Court of Tax Review is affirmed as to the items involved in this case.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. ANDREWS and BAYLESS, JJ., absent.