LOWDEN et al. v. SEMINOLE COUNTY EXCISE BOARD.

No. 29089.    July 11, 1939.

Rehearing Denied 'Sept. 12, 1939.

W. R. Bleakmore, Robert E. Lee, W. L. Farmer, and John Barry, for plaintiffs in error.

John M. Stanley, County Atty., J. M. Huser, Asst. County Atty., for defendant in error.

DAVISON, J. This cause is presented on appeal from a decision of the Court of Tax Review, sustaining a levy to meet an appropriation for the salaries of "health officer, supervising nurse, and clerk to the health officer" contained in the budget of Seminole county as prepared and approved by the excise board of that county.

The protested appropriation, consisting of the three items above mentioned, aggregated $6,800, of which all in excess of $1,500 is said by the protestants to be illegal. The levy to meet the asserted illegal portion of the appropriation is .2125 mill.

The contested levy is admittedly within the constitutional limitation established by section 9 of art. 10 of our State Constitution as apportioned between "county, city, town, and school district" by the excise board of Seminole county.

Protestants contend, however, that there is no authority of law for making such levy, and that the same must fail even though within the limitations imposed by the Constitution. They assert that the only authority for making an appropriation of this character is the authority contained in section 7770, O. S. 1931 (63 Okla. St. Ann. § 16), which authorizes a maximum compensation of $1,500 per annum for a county superintendent of health.

The excise board does not seek to justify the levy by the section invoked, but calls our attention to the provisions of sections 5281, 5282, O. S. 1931, as re-enacted and amended in S. L. 1935, p. 100, S. B. 194, secs. 2 and 3 (63 Okla. St. Ann. §§ 510 and 513).

Section 5281, supra, as re-enacted, authorizes a levy not in excess of one (1) mill on all the taxable property of a county for the purpose of promoting and preserving health as therein outlined. It declares that such levy is for a special purpose and not a part of the current expense. Section 5282, supra, as amended, authorizes, upon condition, the expenditure of a portion of the funds as additional compensation to the county superintendent of public health.

The sections of the statutes above referred to have undergone a historical development commencing with the original enactment in 1919 (S. L. 1919, ch. 234, p.

333, sec. 10—identified with sec. 5281, S. L. 1929, ch. 283, p. 410, §§ 1, 2, and S. L. 1935, page 100, §§ 2, 3). At various times this court has considered the effect and validity of the statutes in the process of their development. In general, we have sustained the act in so far as the counties of the state are authorized to assume the burden of health conditions within the county, but have condemned any attempted expenditure thereunder for the support of state institutions. Protest of Chicago, R. I & P. Ry. Co., 164 Okla. 118, 23 P.2d 157; Protest of Chicago, R. I. & P. Ry. Co., 164 Okla. 114, 23 P.2d 158; Protest of Oklahoma Pipe Line Co., 168 Okla. 231, 32 P.2d 719; Bank of Picher v. Morris, County Treas., 157 Okla. 122, 11 P.2d 178.

The protestants do not contend that the items of appropriation herein involved are such that they could not, under the foregoing decisions, have been made under authority of sections 5281, 5282, supra, but they take the position that the proper "mechanics" for making an appropriation and levy under those sections was not adopted by the excise board. They assert that the items of appropriation were set up at the wrong place in the budget as prepared and certified, and that this error is fatal to the appropriation and levy. The items were not in so many words identified on the budget as "special purpose" items.

We are thus confronted with a situation in which the excise board has so itemized the purposes of an appropriation that its character as a "special purpose" item can be determined from examination of the face of the budget upon consideration of the applicable statutory provisions by which the taxing authorities are guided, but has failed to otherwise segregate and identify the item to distinguish it from items not for a special purpose. The question is: Does the failure to more specifically segregate and identify the item destroy its validity?

Historically, special purpose items of this character had a different significance than they now have. Prior to the amendment of section 9 of art. 10 of the Oklahoma Constitution on August 15, 1933, there were two distinct classes of limitations on the maximum levies that could be made for general or current expenses of government of a county or other subdivision of the state sustained in whole or in part by ad valorem taxes. One was imposed by the State Constitution (section 9, art. 10, Okla. Const.), the other by statute (section 12669, O. S. 1931, as amended by S. L. 1933, p. 267).

The latter necessarily could not, and as a matter of legislative history did not, supersede the former. Since the statutory limitation was imposed by legislative enactment, the Legislature possessed the power to grant exceptions. This it did in many instances by authorizing levies for special purposes and specifically declaring that such purposes were special and should not constitute a part of the current expense of government, within the meaning of that term as used in the statute prescribing the maximum amount of levy.

The result of such legislation was in practical operation twofold, viz.:

(1) It authorized a levy for a designated purpose in addition to the maximum levy authorized by statute for current expenses of government, but such levy could not be in excess of constitutional limitations.

(2) The funds derived from such a levy could not be transferred and used for some other purpose, nor could other funds be transferred to it. Protest of St. Louis-S. F. Ry. Co., 143 Okla. 145, 288 .P. 307.

When section 9 of art. 10, supra, was amended in 1933, the pre-existing statutory limitation on levies was superseded by the authority thereby vested in excise boards to apportion the limitation of levy between governmental subdivisions operating in the same territory. Branch v. Excise Board of Oklahoma County, 171 Okla. 585, 43 P.2d 90.

In connection with the case of Branch v. Oklahoma County Excise Board, 183 Okla. 295, 82 P.2d 225, some question existed among the members of this court concerning the effect of the constitutional amendment or pre-existing statutes authorizing levies for special purposes. (See dissenting opinion by Gibson, J.) However, that question is removed from this case by the fact that section 5281, supra, was re-enacted in 1935, which was subsequent to the adoption of the constitutional amendment. What, then, is the effect of an authorized levy for a special purpose, when no statutory limitation or levy exists? It seems obvious that the only purpose to be accomplished by such an identification is to "earmark" the appropriations for which such levy is made and the funds derived from the collection thereof, in order that transfers cannot be made in connection therewith. That is the only purpose that can fairly be said to have survived the constitutional amendment until such time as the Legislature may enact statutory limitations.

How much identification of the appropriation and connected levy is essential to the accomplishment of this purpose? Since this requirement is one that goes to the form of the budget rather than the power to tax, it would seem that the requirements of the law are sufficiently met if the item is identified with sufficient clarity to enable public officers charged with the duty of handling the funds to determine their character in view of the knowledge of the law which they are presumed to possess. We are of the opinion that the identification adopted by the excise board in this case was sufficient to satisfy the purpose and so hold.

In the case of Going, Co. Treas., v. Atchison, T. & S. F. Ry. Co., 106 Okla. 258, 234 P. 346, we were confronted with a budget which included a current expense item which was improperly catalogued in that portion of the budget devoted to the sinking fund. We held that the improper placing of the item did not destroy the levy. In so deciding we said in paragraph 1 of the syllabus:

"An estimate for an item for current expense, classified by the excise board under the subhead 'sinking fund,' in the general estimate, does not change the nature of the item by reason of its wrongful classification. *It is the purpose for which the item is estimated and levied that determines its nature, and not the subhead under which it is placed in the estimated needs prepared and made by the excise board.*" (Italics ours.)

See, also, St. Louis-S. F. Ry. Co. v. Sanders, County Treas., 154 Okla. 159, 7 P.2d 161.

The error of classification was more marked in the cited case than in the instant case. Under the holdings of this court, the judgment of the Court of Tax Review should not be disturbed.

We do not mean to indicate that the method adopted was the most appropriate, but hold it sufficient, especially in view of the fact that specific complaint as to the form of the budget was not incorporated in the protest. If such a specific complaint had been made, timely correction thereof could have been accomplished and the complaints of the most exacting satisfied. Greer County Excise Board v. Lowden et al., 177 Okla. 7, 57 P.2d 612.

The judgment of the Court of Tax Review denying the protest is sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, and HURST, JJ., concur. OSBORN, GIBSON, and DANNER, JJ., dissent.