Dear District Attorney, Moss
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Do the provisions of 70 O.S. 3913 (1988), wherein it isstated that any municipality or county in this state may providefunding to state-supported institutions of higher education andhigher education centers for the purpose of constructing ormaintaining roads, streets, or parking lots violate the mandateof Article XXI, Section 1 of the Oklahoma Constitution?
¶ 1 In 1988, the Second Regular Session of the Forty-First Oklahoma Legislature adopted into law the terms of 70 O.S. 3913
(1988), which state as follows:
 Unless otherwise prohibited by federal law, the Oklahoma Constitution or a municipal home rule charter, any municipality or county in this state may provide funding to state-supported institutions of higher education or higher education centers in The Oklahoma State System for Higher Education for the purpose of constructing or maintaining roads, streets and parking areas which are dedicated to the public at such institutions or centers.
¶ 2 You inquire as to the effect that one such Constitutional provision would have on this statute. Article XXI, Section 1 of the Oklahoma Constitution states:
 Educational, reformatory, and penal institutions and those for the benefit of the insane, blind, deaf, and mute, and such other institutions as the public good may require, shall be established and supported by the State in such manner as may be prescribed by law.
¶ 3 Article XXI, Section 1 prescribes that state-supported educational institutions must be maintained at the expense of the State as a governmental function. Battles v. State, ex rel.Oklahoma Commission for Crippled Children, 244 P.2d 320 (Okla. 1952); Board of Commissioners of Logan County v. State,254 P. 710 (Okla. 1927). In Chicago, R.I. and P. Ry. Co. v. ExciseBoard, 34 P.2d 274, 276 (Okla. 1934), the Oklahoma Supreme Court noted that Article XXI, Section 1 was intended "to prevent a county from contributing in whole or in part to the support and maintenance of a state institution."
¶ 4 The most recent published appellate judicial construction of Article XXI, 1 is State, ex rel. Department of Human Servicesv. Malibie, 630 P.2d 310 (Okla. 1981). In Malibie, the basic issue in front of the Court was whether a statute requiring counties to contribute a certain percentage of county ad valorem monies to a "Crippled Children's Budget Account" established for the benefit of and controlled by the State Department of Human Services was permissible under Articles X, Section 9 and XXI, Section 1 of the Oklahoma Constitution. This account was to be used to help defray the costs incurred in providing support to children under the care of the Department. The Court noted on p. 315:
 [L]egislation can violate the provisions of Article XXI, Section 1, of the Oklahoma Constitution, if it either directly or indirectly permits or requires that the county ad valorem revenues be used to support or maintain State institutions.
¶ 5 On p. 317, the Court went on:
 Under the statutory scheme county funds may be used to support State institutions, thus, the statute violates the provisions of Article XXI, Section 1, which require that State funds, not county funds, be expended to support and maintain state institutions.
¶ 6 Indeed, the Court went so far as to state that even if no ad valorem taxes are directly used to support State institutions, and assuming such were required by the statute, the law would still violate Article XXI, Section 1, as the statute would establish a method for indirectly supporting State institutions.Id. This is so because to support constitutional and nonadministrative aspects of the State program would enable the State to use more of its own funds, as well as federal funds, to support state institutions used in the program.
¶ 7 Title 70 O.S. 3913 (1988) facially purports to authorize counties and municipalities to make gifts of public funds of those entities to provide fiscal support for certain types of capital improvement projects at State institutions and centers of higher education. Such an outright gift of public funds in the hands of these entities to the State would be impermissible under Article XXI, Section 1. Indeed, the severely qualified language of 70 O.S. 3913 indicates that the Legislature was obviously aware of the potential for a constitutional impediment to such a scenario. This opinion does not address the situation where a county or city makes improvements on roads, parking lots or sidewalks dedicated to and owned by the respective entity in question.
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that the terms of Article XXI, Section 1 of the OklahomaConstitution prohibit municipalities and counties in the Statefrom providing funding for constructing or maintaining roads,streets, or parking lots of State institutions and centers ofhigher education as is authorized, with qualifications, by 70O.S. 3913 (1988).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, GENERAL COUNSEL DIVISION