GOING, Co. Treas., v. ATCHISON, T. & S. F. RY. CO.

No. 15229—Opinion Filed March 3, 1925.

1. **Counties—Taxation — Estimates by Excise Board—Classification of Items.**

An estimate for an item for current expense, classified by the excise board under the subhead "sinking fund," in the general estimate, does not change the nature of the item by reason of its wrongful classification. It is the purpose for which the item is estimated and levied that determines its nature, and not the subhead under which it is placed in the estimated needs prepared and made by the excise board.

2. **Same—Estimates and Levies to Take Care of Sinking Fund and Bonds.**

The effect of article 10, sec. 28, of our Constitution and section 9695, Comp. Stat. 1921, is to require an estimate and levy to meet the interest accruing on sinking fund indebtedness, or bonds for the current year, and to add to the sinking fund such sum of money annually, as is required by the law, to pay the bonds at maturity. Such levies cannot be omitted for the current year and be levied the following year.

3. **Same—Action to Recover Tax Payment—Disposition of Cause.**

Record examined; held, to support the judgment of the court allowing recovery for payment of taxes made to replenish sinking funds; second, held, that recovery allowed for taxes paid for meeting the expense for advertising delinquent taxes is not supported by the record.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County: C. C. Smith, Judge.

Action by A., T. & S. F. Railway Company, against W. E. Going, as County Treasurer of Payne County to recover certain taxes paid under protest. Judgment for the plaintiff. Defendant appeals. Affirmed in part and reversed and remanded in part, with directions.

J. W. Reece, for plaintiff in error.

Cottingham, McInnis & Green and Frank L. Anderson, for defendant in error.

Opinion by STEPHENSON, C. The defendant in error paid certain taxes levied against its property for the fiscal year 1922, under protest, and thereafter commenced its action for recovery against the plaintiff in error. The trial of the cause resulted in judgment for the defendant in error. The county treasurer, as plaintiff in error, has perfected his appeal and assigns the action of the court in rendering judgment for the plaintiff as error for reversal here.

The plaintiff in error continued to place penalties collected on properties situated in cities of the first class in the county sinking fund, after the passage of chapter 48 of the Session Laws of 1919. The effect of the act was to require the county to place the penalties collected on payment of taxes levied on the property in cities of the first class, to the credit of the municipality. The plaintiff in error evidently acted on the supposition that the legislative act was unconstitutional. The validity of the act was sustained in the case of State ex rel. City of Durant v. Bonner, 86 Okla. 280, 208 Pac. 825. It is apparent that the excise board estimated the amount of penalties that would accrue from taxes levied upon property situated in municipalities, and reduced its annual levy to be made for the sinking fund of the county accordingly. Payne county had returned to the cities of the first class their penalties according to the 1919 act, which left a deficit in the county sinking fund of about $12,000. The excise board made an estimate of this sum for the benefit of the county sinking fund in the year 1922, and levied the same on the property of the defendant in error and other taxpayers. It is evident that the excise board had omitted to levy in previous years for the benefit of the sinking fund, a sum equal to the shortage existing in the sinking fund to the extent of $12,000. The excise board classified the item of $12,000 in its estimate as follows:

"Refund on erroneous collections (chapter 19, Laws 1916) and penalties due cities of the first class. $12,000."

The truth of the matter is that this levy was made to replenish the sinking fund on

account of the failure of the excise board to make annual levies for the required sums in the preceding years. The penalties collected by the county treasurer and due cities of the first class had been placed in the county sinking fund. The county had merely taken the penalties, erroneously placed in the county sinking fund, and restored the same to the cities of the first class. There was no occasion for making a levy to repay the cities of the first class for penalties collected for the cities, as these funds should have been on hand in the sinking fund, if the excise board had made the annual levies required by law to meet interest payments on bonds and judgments, and to create a sinking fund to meet such indebtedness as it matured. The levy in question was made, in fact, to meet deficiencies accruing in the sinking fund during the several preceding years on account of failure to make the annual levies for the sinking fund as required by law. The real question presented by the plaintiff in error is the right of the county excise board to make a levy for the accruing needs of the sinking fund during the current year, and also to meet deficiencies in this fund for preceding years on account of the failure of the excise board to make the levies during such years as it was required to do by law. We think the excise board cannot levy any greater sum for the fiscal year for the sinking fund, than is required to make the interest payments for the year and to add such sums to the sinking fund as is required by law for that particular year to meet the payment of the bonds at maturity. The excise board cannot omit to make a levy to create a sinking fund to meet bonded indebtedness for some particular year and levy such sums in some subsequent year. The right of the excise board to make levies for the sinking fund is confined to the indebtedness accruing against the fund for the year in which the taxes should be levied. The law contemplates that the excise board will levy a sum equal to the interest accruing for the current year, and such additional sums as are required by the terms of the bonds and by law to be levied annually to pay the bonds or indebtedness at maturity. It might result in unusual burdens being cast upon property during one year to permit taxes to be levied to meet the current needs, and the omitted levies for several preceding years. Article 10, section 28 of the Constitution and section 9695, Comp. Stat. 1921.

It appears that the excise board used a form for making the estimated needs for the county, which was divided into several parts, and classified according to the subheads for the several divisions. The estimate carried a subhead designated as "sinking fund." The subhead carried an estimate for several items, which were proper to estimate and levy to meet the legal requirements for the benefit of the county sinking fund. The following item appears under the subhead in question: "Advertising delinquent taxes, $1,000."

The delinquent tax laws of our state and their requirements call for advertisement of the lands for delinquent taxes. The law in relation to the collection of delinquent taxes makes it necessary for the county to advertise the delinquent property each year. This is a current need, and made so by law, as much as any other current need, or requirement of the county. The language of the item shows that its purpose is to meet a current need. The fact that the estimated item appears under the subhead of "sinking fund" does not change its nature. There would not be any question made by the defendant in error, if the item had appeared under the subhead "current needs". The question as presented is one of bookkeeping, rather than one of law. The court is concerned with the substance; the bookkeeping feature is another question, which primarily concerns the municipality. It is merely a matter of crediting current expenses with $1,000, and charging the sinking fund with a like sum. But we are not concerned with this question.

The county was authorized to make an estimate and levy for its current needs according to the provisions of section 9692, Comp. Stat. 1921. The defendant in error does not complain that the county exceeded the levy which it was authorized by law to make for current expenses.

It was error for the court to permit the plaintiff to recover the taxes levied on its property as estimated and levied, to meet the expenses in advertising delinquent taxes.

It is recommended that the judgment of the court allowing recovery for the taxes levied in the sum of $12,000 to replenish the sinking fund of the county be affirmed, and that its judgment allowing recovery for the taxes paid upon the levy to meet the expense of advertising delinquent taxes be reversed and remanded, with directions to deny the plaintiff recovery upon this item.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. p. 635 (1926 Anno); (2) 4 C. J. p. 1129; 15 C. J. p. 634.