**MISSOURI, K. & T. RY. CO. v. GOAD, County Treasurer.**

No. 16411—Opinion Filed April 6, 1926.

**1. Schools and School Districts—Bonded Indebtedness — Necessity for Annual Levies for Sinking Fund—Levy Illegal to Take Care of Omitted Levies of Previous Years.**

The effect of article 10, sec. 28, of the Constitution of Oklahoma, and section 9695, Comp. St. 1921, is to require an estimate and levy to meet the interest accruing on sinking fund indebtedness or bonds for the current year and to add to the sinking fund such sums of money annually as is required by the law to pay the bonds at maturity, and where a deficit appears in the sinking fund, due to failure to levy a sufficient tax for preceding years such omitted levies cannot be levied in any subsequent year.

**2. Same—Excess Levy Illegal.**

Where a school district issues its bonds maturing in 25 years after the date of issuance, the excise board is without authority to levy and the county treasurer is without authority to collect any sum in excess of a sum sufficient to meet accruing interest and one twenty-fifth of a sum necessary to meet the principal and retire the bonds at the expiration of the 25 year period, and to treat such bonds as serial bonds maturing in five-year periods, and to levy and collect a graduated tax for the purpose of retiring one-fifth of such bonds at the end of each five-year period is illegal and void.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by the Missouri, Kansas & Texas Railway Company against E. P. Goad, as County Treasurer of Bryan County, to recover a sum of money paid as taxes under protest. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with directions.

M. D. Green and H. L. Smith, for plaintiff in error.

Walter J. Turnbill and Hatchett & Semple, for defendant in error.

Opinion by RUTH, C. Plaintiff and defendant will be designated as they appeared in the trial court.

Plaintiff brought its action to recover something in excess of $7,000, paid as taxes under protest, and an agreed judgment was entered for plaintiff for all save and except $402.80, being, as alleged by plaintiff, an excess and illegal levy to care for the sinking fund in school district No. 72 (city of Durant), Bryan county.

It is contended by plaintiff that the school district in question had outstanding bonds of $185,000; that it was mandatory that an annual levy be made to create a sinking fund for the retirement of those bonds; that such annual levy should be $17,501.65, representing interest on all outstanding bonds, and a proper proportionate part of the principal of each bond issue, and which sum of $17,501.65 was the balance required after taking into account all debits and credits, such as delinquent taxes and earned interest on hand, required by statute to be taken into account. The taxable value of all taxable property in the school district was $3,754,399, and a levy of 4.66 mills would raise the required $17,501.65, but a levy of 8 mills was made for sinking fund purposes, which the plaintiff alleges was excessive to the extent of 3.43 mills. The taxable value of plaintiff's property in the school district was $129,105, and the illegal and excess taxes collected from plaintiff was $431.21, but as they had protested in the sum of $402.80, they can recover, if at all, but the last-named amount.

The cause was tried to the court and judgment rendered for defendant, and plaintiff appeals and assigns error as follows:

"The trial court erred in rendering judgment in favor of defendant and against plaintiff, and for costs, and in refusing to hold that a deficit in a sinking fund to care for outstanding bonds, arising from some act or neglect of the authorities of a municipality, cannot be provided for by an increased levy attempted to be made at a later date in the absence of judgment for the deficit in favor of the bondholders, or authority voted by the taxpayers to issue additional bonds to cover the deficit. (Rec. p. 118).

"The trial court erred in refusing to render judgment in favor of plaintiff and against the defendant for the amount sued for and for costs, and in holding in effect that defendant's method of calculating bond accruals was legal."

"The gist of the defense was that the estimate approved by the excise board for the fiscal year beginning July 1, 1923, shows that there was only $54,547.01 in the sinking fund on June 30, 1923, whereas, there should have been on hand $64,600.40, or more, to take care of the accrued installments of principal of outstanding bonds, and that the ostensible deficit in the fund of $10,053.39, no matter how it arose, whether from a failure to make a levy during some previous year or years, or because of unknown conditions creating the shortage, could

be made up by making a levy, not only to cover the forthcoming annual liability for a proportionate part of the principal of the outstanding bonds, but also covering the deficit. The defense also took the position that even disregarding the alleged deficit of $10.053.39, an 8-mill sinking fund levy would be authorized by treating one of the outstanding bond issues ($120,000; of 25-year bonds, redeemable at 5-year periods) as five separate bond issues of $24,000, each due and payable, respectively, in five, ten, 15, 20 and 25 years, and not only authorizing, but requiring a levy to be made for the year in question for not only 1-25th of the $120.000 (viz., $960), but also for one fifth of $24.000 (viz.. $4.800), and one-tenth of $24.000 (viz.. $2,400), and 1 20th· of $24.-000 (viz.. $1.200). In other words, defendant contended that the principal of the $120.-000 of bonds should be taken care of by a levy for the year in question for the following amounts of principal:

| | |
|---|---:|
| Twenty-five year bonds | $   960.00 |
| Twenty-year bonds | 1200.00 |
| Fifteen-year bonds | 1600 00 |
| Ten-year bonds | 2400.00 |
| Five-year bonds | 4800.00 |
| **Total** | **$10,960.00** |

"On the other hand. plaintiff contended and insists that the $120.000 bond issue is one issue of bonds, requiring an annual levy for a proportionate part of the principal in the sum of only $4,800, being 1-25th of $120,000."

How this deficit in the school district sinking fund occurred is not clear from the record, but it is undisputed it did exist, and an effort was made to supply this deficit. Based on the total valuation in the school district in question, the 8-mill levy would raise by taxation $30,000, while only $17-501.65 was necessary to be raised for interest and sinking fund on all outstanding bonds. If the levy of previous years was insufficient to meet the interest and sinking fund requirements, the excise board was without authority to supply the deficiency by an excess levy the following year.

In Going, Co. Treas., v. Atchison, T. & S. F. Ry. Co., 106 Okla. 258, 234 Pac. 346, this court held:

"The effect of article 10. sec. 28 of our Constitution, and section 9695, Comp. Stat. 1921. is to require an estimate and levy to meet the interest accruing on sinking fund indebtedness, or bonds for the current year, and to add to the sinking fund such sum of money annually as is required by law, to pay the bonds at maturity. Such levies cannot be omitted for the current year and be levied the following year."

Defendant cites opinions from other states, where he claims another and different rule prevails. but an examination of the cited cases shows they are clearly not in point in any particular. and it is useless to discuss them, in view of the holding of this court in the cited case, as the law is definitely settled on that point in this jurisdiction. It further appears from the certificate of the excise board incorporated in the record that this board made the following levies:

"General fund, 15 mills.
"Sinking fund, 5 mills.
"Total levy, 20 mills."

Where authority for collecting 8 mills in the face of the levy of 5 mills for sinking fund is found has not been pointed out to this court, and we are unable to find any such authority.

Section 9698. C. O. S. 1921, authorizes the excise board to "revise and correct any estimate certified to them by either striking items therefrom, increasing or decreasing items thereof, or adding items thereto," and the section further provides that no increase shall be made until the same has been published as provided by that section. Section 9699, C. O. S. 1921, provides:

"The rates of levy for current expense purposes and sinking fund purposes shall be separately made and stated, and the revenue accruing therefrom shall be known as the general fund and sinking fund, respectively, and shall, when so made, be certified to the officers whose duty it is to make up the tax rolls."

The section, after providing for an appropriation of the money so raised to the respective funds, further provides. "and the appropriation thus made shall not be used for any other fiscal year or purpose whatsoever," and the 5-mill levy never having been raised, or the contemplated raise published, as evidenced by the certificate of the excise board, the levy and collection of 8 mills by some unauthorized person was beyond doubt excessive and illegal to the extent of 3 mills in any event.

Defendant further attempts to justify the 8-mill levy by electing to treat the $120,000 bond issue as a "serial bond" issue; that is, to say that one-fifth of the bonds matured in 5, 10, 15, 20, and 25 years, respectively. The bonds were 25-year bonds, and will mature in 1944. However, there appears to have been an agreement or understanding (possibly incorporated in the bond, but the record does not disclose the same), that one-fifth of these bonds might be retired at the expiration of each five-year period after

their issue. This was wholly optional with the school district, however, and there is no evidence that it was intended to retire one-fifth of these bonds at the expiration of the five-year period, or that it was ever considered these were serial bonds until 1923, when the deficit in the sinking fund was discovered as in former years. Since the issuance of the bonds they were treated as 25-year bonds, which, in fact, they were, and a tax was levied sufficient to retire them at the expiration of 25 years, and it is perfectly obvious the plan of taxation in 1923 was devised solely for taking care of the existing deficit in the sinking fund.

To retire the bonds at maturity, to wit, at the expiration of 25 years, the excise board was required to raise but $4,800 each year to apply upon the principal, instead of which, under the plan attempted to be put in operation, it would have required the taxpayers to pay the following amounts: $10,-960 from the first to fifth year, $6,160 from the fifth to tenth year, $3,760 from the tenth to 15th year, $2,160 from the 15th to 20th year, and $960 from the 20th to the 25th year.

Defendant attempts to justify this procedure with the argument that eventually the taxpayer would obtain the advantage of the low levy, and the amount realized by either method would be the same at the expiration of the 25 years. This would be, indeed, true if the same party was content to hold and own the same property for a period of 25 years, but the party who owned the property the first five years of the life of the bonds would be paying just ten times the amount of the principal as the one who owned the property the last five years, and even though there be any merit in the defendant's contention, which we cannot concede, there is no authority in law for such procedure.

The "serial bond" is unknown to the laws of this state, except under section 4864, C. O. S. 1921, providing that bonds issued for erecting convention halls shall mature as follows: "The first of which (bonds) shall mature five years from their date and the last 25 years from their date."

We think the case of Going, County Treasurer, v. Atchison, T & S. F. Ry. Co., supra, citing section 28 of art. 10 of the Constitution of Oklahoma, and section 9695, C. O. S. 1921, is decisive upon the error assigned.

The question of taxation is one of the most vexatious questions coming before our courts, due to the impression obtaining among some officials that a tax may be imposed sufficient to meet the apparent, or what they consider the apparent, needs at the time of levying the tax, regardless of the law governing the subject, and this court has frequently spoken anent this practice.

In Ex parte Unger, 22 Okla. 755, 98 Pac. 999, it was held:

"A grant by the Legislature of taxing power to a municipal corporation is to be strictly construed, and any fairly reasonable doubt concerning the existence of such power is resolved by the courts against the corporation, and the power is denied. All acts beyond the scope of the power granted are void."

And in Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 Pac. 969, this court said:

"In the absence of legislative authority, the city has no power to assess and collect a tax at all." See St. Louis & S. F. R. Co. v. Thompson, 35 Okla. 138, 128 Pac. 685; Campbell et al. v. State, 23 Okla. 109, 99 Pac. 778; Nelson v. Oklahoma City & N. W. Ry. Co., 24 Okla. 617, 104 Pac. 42.

There being no authority of law for a levy in excess of a sum sufficient to meet current expenses and provide for a sinking fund each year, which tax so raised by the levy may not be used for any other purpose or year, and it being conclusively proven that a levy of 4.66 mills was sufficient to provide for a sinking fund for 1923, the levy of 8 mills was illegal, excessive, and unauthorized, to the extent of 3.34 mills, and for the reasons herein stated, the judgment of the trial court is reversed, and this cause remanded, with directions to vacate the judgment for the defendant, and to enter judgment for plaintiff in the sum of $402.80, and for costs.

By the Court: It is so ordered.

Note.—See under (1, 2) 35 Cyc. p. 1044.