**TEXAS EMPIRE PIPE LINE CO. v. EXCISE BOARD OF NOWATA COUNTY.**

No. 23642. Opinion Filed March 28, 1933.

Rehearing Denied Sept. 19, 1933.

Hunt & Eagleton, for plaintiff in error.

J. A. Tillotson, County Attorney, for defendant in error.

ANDREWS, J. This cause is in this court on appeal by the protestant from an order of the Court of Tax Review denying its protest of the sinking fund levy of Nowata county for the fiscal year commencing July 1, 1931. The plaintiff in error (hereinafter referred to as the plaintiff) presents two contentions which will be considered separately.

It contends that, in determining the amount necessary to be raised by ad valorem taxation for sinking fund purposes for the fiscal year commencing July 1, 1931, the sum of $10,500 was deducted from the amount of assets on hand in the sinking fund on June 30, 1931, as a reserve for the purpose of paying interest coupons which had matured and which were unpaid on that date, when there were no interest coupons matured and unpaid on that date.

On oral argument it was admitted by the defendant in error (hereinafter referred to as the defendant) that there were no interest coupons matured and unpaid on June 30, 1931. The defendant attempts to justify the reservation on the theory that it was necessary in order that there might be funds on hand on August 1, 1931, with which to pay certain interest coupons which matured on that date.

In determining the rate of levy for sinking fund purposes there is no authority of law to deduct any amount from the amount of assets on hand in the sinking fund at the close of the preceding fiscal year as a reserve for the purpose of having funds on hand with which to pay interest on outstanding bonded indebtedness which will be earned during the fiscal year for which the levy is being made. See C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 P. 48; In re Gypsy Oil Co., 141 Okla. 291, 285 P. 67, and Aaronson v. Smiley, Co. Treas., 142 Okla. 29, 285 P. 59.

In McMahan v. Board of Education of Oklahoma City, 142 Okla. 110, 285 P. 953, this court held that the levy for sinking fund purposes for the fiscal year commencing July 1, 1930, must include an amount necessary to pay the interest on bonds to July 1, 1931, and that it may not include any amount for the payment of interest earned from July 1, 1931, to July 15, 1931, the date an interest coupon matured. It therein held that the date of maturity of an interest coupon is not to be considered in determining the amount to be raised by ad valorem taxation for interest purposes during any fiscal year, except the date of maturity of the last interest coupon. We do not think it necessary to restate the reasons for the rules announced in that decision.

The record shows that certain interest coupons matured on August 1, 1931, in the amount of $12,600; that that amount was the amount of interest earned during the period from February 1, 1931, to August 1, 1931; that the interest on the bonded indebtedness earned up to February 1, 1931, had been paid; that the interest thereon earned after February 1, 1931, had not been paid; that, in determining the amount that should be raised by ad valorem taxation for the fiscal year commencing July 1, 1931, $10,500 was deducted from the amount of the assets on hand on June 30, 1931, and that that amount was the amount of interest on the bonded indebtedness earned from February 1, 1931, to July 1, 1931. The reservation of that amount was authorized, for it was the amount of unpaid interest earned during the fiscal year commencing July 1, 1930, which amount was a proper charge against the assets in the sinking fund.

The rule stated in McMahan v. Board of Education, supra, was followed by the defendant in this case. During the fiscal year commencing July 1, 1930, provision was made for the collection of an amount of tax sufficient to pay the interest on the bonded indebtedness which would be earned during the period from July 1, 1930, to July 1, 1931. A part of that amount was disbursed by the payment of the coupons which matured on February 1, 1931. The remainder of the amount had not been disbursed on July 1, 1931, but was on hand for the purpose of paying the proportionate part of the amount evidenced by the interest coupons due August 1, 1931. That amount, five-sixths of $12,600, to wit, $10,500, was properly reserved at the close of the fiscal year commencing July 1, 1930, for the purpose of paying that interest when the interest coupons matured on August 1, 1931. The error of the plaintiff is in failing to recognize the rule that the date of the maturity of an interest coupon is not the determining factor. We restate that rule. Provision must be made during each fiscal year for the collection of an amount sufficient to pay the interest earned during that fiscal year without regard to the date of the maturity of the interest coupons evidencing that interest.

The record shows that, in determining the

amount necessary to be raised by ad valorem taxation for sinking fund purposes for the fiscal year commencing July 1, 1931, there was deducted from the amount of the assets on hand in the sinking fund on June 30, 1931, the sum of $224,000. The defendant contends that that was the correct amount of the total of prior accruals to the sinking fund for the purpose of retiring the bonds at maturity. The plaintiff contends that that amount was erroneous; that the correct amount was $208,333.62, and that there was an error in the amount of $15,666.62.

The contention of the plaintiff is based, in part, on the rule that the number of tax levies authorized and required to produce funds for the purpose of retiring municipal bonds at the maturity thereof is one less than the number of years intervening between the date of the issuance and the date of the maturity of the bonds where the date of the maturity thereof is prior to the 15th day of June, as was held in Jones, Co. Treas., v. Blaine, 149 Okla. 153, 300 P. 369, and Protest of Trimble et al., 151 Okla. 74, 300 P. 406. See, also, C. D. Coggeshall & Co. v. Smiley, Co. Treas., supra, In re Gypsy Oil Co., supra, and Aaronson v. Smiley, Co. Treas., supra. The defendant admits the existence of that rule, denies the correctness thereof, and seeks to have it changed. The rule stated is a correct one and we decline to change it. There is no merit in the contention of the defendant that provision could have been made for tax levies during fiscal years commencing prior to the dates of the elections authorizing the incurring of the indebtedness. There is no authority of law for including such amounts in the appropriations for those years. Tax levies are based on conditions as they exist on July 1st, and not on conditions as they exist at some later date. Protest of Trimble et al., supra.

The plaintiff contends that the amount of the annual accruals to the sinking fund shall be equal. That contention is correct as to some bonds, but that rule cannot be applied to all bonds. As to bonds that mature in installments, a different rule is required to be applied in order that the requirements of sections 26 and 28, article 10, of the Constitution may be complied with.

Under the statutes of Oklahoma, the amount of a tax levy is determined by the amount necessary to be raised by ad valorem taxation. That amount is determined by the amount appropriated. The amount appropriated depends on the facts existing at the beginning of the fiscal year in which the appropriation is made. When bonds mature in installments at dates when accruals may not be provided in equal amounts to have on hand sufficient funds to retire the installments at the maturity thereof, the amount appropriated must be greater during the first years of the life of the bonds. In a number of decisions of this court that fact has been overlooked and the language used in those cases has resulted in the confusion existing in this case.

Installment bonds were considered by this court in Missouri, K. & T. Ry. Co. v. Goad, Co. Treas., 117 Okla. 129, 245 P. 617, and in St. Louis-S. F. Ry. Co. v. Bailey, Co. Treas., 125 Okla. 183, 257 P. 784. In the last cited case the record showed that, in computing the tax levy for the fiscal year commencing July 1, 1925, an amount equal to one-fifth of the amount of the bonds due at the end of five years, an amount equal to one-tenth of the amount due at the end of ten years, an amount equal to one-fifteenth of the amount due at the end of 15 years, and an amount equal to one-twentieth of the amount due at the end of 20 years were added and the total thereof was used as a basis for the computation of the amount necessary for the accrual to the sinking fund for the fiscal year commencing July 1, 1925. The rate of levy for sinking fund purposes was based on that computation. It is evident that that method of computation imposed a tax burden in violation of the rule that a tax burden for sinking fund purposes must be as nearly equal as possible over the period of years during the life of the bonds. To the same effect was the decision in Missouri, K. & T. Ry. Co. v. Goad, Co. Treas., supra. In those cases this court held that bonded indebtedness constitutes one transaction and that the issuance of bonds maturing in installments does not make the installments separate transactions. It held that provision must be made for the retirement of bonds without regard to the installment maturity thereof. Therein this court said that the annual accrual must be in an equal amount for each year. That statement was erroneous. It was repeated in C. D. Coggeshall & Co. v. Smiley, Co. Treas., supra, and other cases. It is erroneous in that it cannot be applied to installment bonds. The provisions of the Constitution, supra, require that provision be made for the creation of a sinking fund sufficient to retire bonds at the maturity thereof. As we have repeatedly held, if a number of levies equal to the number of years of the life of the bonds can be made and collected in time to have funds on hand for the retirement of the bonds at maturity, that number of levies must be made, but, if that number of levies may

not be made and collected in time to have the funds on hand to retire the bonds at maturity, the largest number of levies that can be made and collected during the life of the bonds must be made. In the instant case that number is 24. Those constitutional provisions require a tax burden to be distributed as nearly equal as possible over the number of fiscal years in which a levy may be made and collected in order to have the funds on hand to retire the bonds at maturity. Provision cannot be made for the collection of a sufficient amount for sinking fund purposes to retire an installment of bonds maturing five years from their date by making 24 equal appropriations for sinking fund purposes, for by that method an amount equal to only four twenty-fourths, or one-sixth, of the amount of the bonds would be on hand at the time of the maturity of one-fifth of the amount of the bonds.

We, therefore, hold that as to bonds maturing in installments the tax burden must be divided over the number of fiscal years in which a tax may be levied and collected in an amount as nearly equal as possible during each of those years, so as to have on hand a sufficient amount to retire the bonds as they mature, that is, to have a sufficient amount on hand at the time of the maturity of each of the installments to retire the bonds maturing at that time.

The bonds under one of the issues involved in this case were dated August 1, 1924. They were for a term of 25 years and they mature in equal five-year installments of $100,000 each. One hundred thousand dollars was required to be on hand in the sinking fund for the purpose of retiring the first installment on August 1, 1924. There were but four fiscal years in which a tax levy might be made and collected. The annual accrual necessary to retire that installment at maturity was $25,000. An amount sufficient to retire the next installment at maturity may be raised by an annual accrual of $20,000 over a period of five years. The third, fourth,. and fifth installments may be cared for by an annual accrual of $20,000.

We, therefore, hold that the annual accrual for the retirement of the installment bonds in question in this case was $25,000 during each of the first four fiscal years of the life of the bonds and $20,000 during each of the next 20 fiscal years of the life of the bonds, thereby making the largest number of levies possible and making the amount of the annual accruals as nearly equal as possible.

The other bond issue involved in this case was dated August 1, 1910, and matured in 25 years from the date thereof. Those bonds did not mature in installments, and the proper method of computing the amount to be appropriated for sinking fund purposes during each fiscal year in which a tax could be levied and collected during the life of those bonds was to divide the total amount thereof by 24. Each annual accrual therefor is $4,166.67.

In determining the amount necessary to be raised by ad valorem taxation for the fiscal year in question in this case, under the rule stated in Protest of Chicago, R. I. & P. Ry. Co., 143 Okla. 161, 288 P. 337, wherein this court held:

"In determining the rate of tax levy for sinking fund purposes the excise board should ascertain the amount necessary to pay the interest on the outstanding bonded and judgment indebtedness for the fiscal year; it should then ascertain the amount of accrual to the sinking fund for the payment of the bonded and judgment indebtedness for that fiscal year; from the total thereof there should be deducted the amount of the surplus assets in the sinking fund, and the remainder constitutes the amount necessary to be raised by taxation for that fund"

—and in Re Bliss et al., 142 Okla. 1, 285 P. 73, in Re Gypsy Oil Co., supra; C. D. Coggeshall & Co. v. Smiley, Co. Treas., supra. Aaronson v. Smiley, Co. Treas., supra, and McMahan v. Board of Education, supra, $20,000 should have been appropriated for the road bonds. which amount was appropriated, and $4,166.67 should have been appropriated for the bridge bonds, when only $4,000 was appropriated therefor. The amount of the appropriation therefor was $166.67 less han the required amount.

The amount that should have been deducted from the assets on hand for accruals for the bonds was the amount of prior accruals to the sinking fund, that is, the amount of four accruals of $25,000 each and of two accruals of $20,000 each, totaling $140,000, for the road bonds, and the amount of 20 accruals of $4,166.67 each, totaling $83,333.40, for the bridge bonds, making a total amount of deduction of $223,333.40. The amount actually deducted was $224,000. The amount actually deducted was erroneous and excessive to the amount of $660.60.

The amount of the excessive deduction, as aforesaid, as so computed, to wit, $660.60, is not, in fact, excessive for two reasons: First, the appropriation was $166.67 less than it should have been and there should have been a deducton of an amount necessary for accruals to the sinking fund to pay the one month's interest on the two

bond issues from July 1st of the last fiscal year in which a tax may be levied and collected to August 1st of that year, the date of maturity of the bonds, as held in Mc-Mahan v. Board of Education, supra.

We find no error in the judgment of the Court of Tax Review denying the protest, and the judgment of that court is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAY-LESS, and BUSBY, JJ., concur. WELCH, J., absent.