## PROTEST OF MIDLAND VALLEY RAILROAD CO.

No. 24648.    Feb. 13, 1934.

O. E. Swan and C. A. Conway, for plaintiff in error.

A. G. Windham, Co. Atty., and Clyde Followell, Asst. Co. Atty., for defendant in error.

ANDREWS, J. This is an appeal by the protestant from a judgment of the Court of Tax Review denying the protest of the Midland Valley Railroad Company as to a certain tax levy made by the excise board of Le Flore county for the sinking fund of school district No. 26 for the fiscal year ending June 30, 1933.

The record shows that 13.77 mills of the 28 mills levied was for interest and accrual on a judgment that had been rendered by the district court of Le Flore county for which three levies had been made theretofore and which judgment had not been paid in full for the reason that the tax levied for the three prior fiscal years had not been collected.

There is but one question presented, which is, Can a tax levy be made for the purpose of paying a judgment after three tax levies have been made theretofore for that purpose?

Under the provisions of section 28, article 10, of the Constitution, school districts are required to levy sufficient revenue, in addition to revenue for other purposes, to create a sinking fund to be used for the payment of such parts of judgments as such school districts may, by law, be required to pay. Under the provisions of section 6823, O. S. 1931, whenever any final judgment shall be obtained against any school district, the district board shall provide for a tax on all taxable property in the district for the payment thereof, and no execution shall issue thereon against the school district. Under the provisions of section 5913, O. S. 1931, school districts are authorized to make a levy for sinking fund purposes in an amount which, with the money already on hand, will be sufficient to pay one-third of the original amount of all outstanding judgments, when one-third or more of such judgments remains due and unpaid, and in case less than one-third of such judgments remains due and unpaid, then the levy shall cover the entire amount of such judgments yet remaining unpaid.

The provisions of the Constitution, supra, and the provisions of the two statutes, supra, are controlling. Thereby school district No. 26 was authorized to provide for the levying of a tax on all the taxable property in the district for the payment of the judgment, and the judgment creditor was required to look to the proceeds of that tax, that is, to the sinking fund, for the payment of the judgment. Under the provisions of the statute, supra, the maximum amount of the annual levy for that purpose is an amount which, with the money already on hand, will be sufficient to pay one-third of the original amount of the judgment, and if less than one-third of the original amount of the judgment remains due, the levy shall cover the entire amount of the judgment remaining unpaid. It will be noted that the statute, supra, is a limitation on the amount of the annual levy, and that it is not a limitation on the number of annual levies.

Since the school district has been adjudged to pay the debt, and since the three levies made have not produced sufficient funds with which to pay the judgment, an additional levy not exceeding one-third of the amount of the judgment may be levied each year until sufficient funds are collected for the purpose of paying the judgment in full.

While this court, in State ex rel. Hatfield v. Moreland, 152 Okla. 37, 3 P. (2d) 803, and Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15, used the language "three annual installments," it was not intended thereby to limit the number of annual installments where the fund produced thereby was insufficient to pay the judgment.

In Missouri, Kansas & Texas Ry. Co. v. Goad, Co. Treas., 117 Okla. 129, 245 P. 617; In re Gypsy Oil Co., 141 Okla. 291, 285 P. 67, and Going, Co. Treas., v. Atchison, T. & S. F. Ry. Co., 106 Okla. 258, 234 P. 346, this court was considering deficits existing in sinking funds, and not the number of levies necessary to be made for sinking fund purposes.

The decision in C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 P. 48, is in no wise in point.

The judgment of the Court of Tax Review denying the protest is affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.