LEWIS v. TULSA COUNTY EXCISE BOARD et al.

No. 33533. Oct. 12, 1948.

*198 P. 2d 649.*

Mastin Geschwind, of Oklahoma City, for plaintiff in error.

Elmer W. Adams, County Atty. and Hugh Webster, Asst. County Atty., both of Tulsa (C. H. Rosenstein, of Tulsa and George J. Fagin, of Oklahoma City, of counsel), for defendants in error.

A. L. Jeffrey, Municipal Counselor, and Arthur Leach, Asst. Municipal Counselor, both of Oklahoma City, amici curiae.

GIBSON, J.  Plaintiff in error, Arthur Lewis, hereinafter referred to as protestant, prosecutes this appeal from a judgment of the Court of Tax Review denying his protest of a sinking fund levy.

On February 1, 1946, the board of education of the city of Tulsa issued its serial bonds of that date, in the aggregate amount of $4,500,000, and maturing in annual installments of $250,000 from February 1, 1949, to February 1, 1966. The bonds maturing in 1949 to and including 1952 ($1,000,000) bear interest at 3% per annum and the remainder at 1%.

The method provided to retire the indebtedness was to levy a tax in each fiscal year, beginning with 1946-47 and ending with 1964-65, sufficient to yield an amount equal to 1/19 of total principal of the bonds, 1/19 of the interest to be earned after the last fiscal year in which levy is to be made and all of the interest to be earned on the principal indebtedness during the fiscal year for which the levy is made. And, in accordance therewith, for the fiscal year 1947-48 there was levied 2.087 mills which was necessary to produce $236,842.11 (1/19 of the principal), $76.46 (1/19 of interest earned after the last fiscal year) and $65,000, the interest to be earned on the principal during that fiscal year. This levy is protested.

The basis of the protest urged here is the failure to appropriate $55,800.44, alleged to have been a surplus in the sinking fund that was available therefor on June 30, 1947, and the providing by the current levy $28,717.11 more than could be legally provided for creating a fund to pay the principal of the bonds. These items plus 10%, reserve for delinquent taxes, amount to a total of $92,969.31, which is the equivalent of .626 mills on the current assessed valuation.

Under the plan of retirement of the bonds provided by the Equalization Board, there was no surplus on June 30, 1947, nor was there provided by the levy here involved more than would be required under the plan to retire the bonds. The alleged surplus actually represents the excess in amount of $236,842.11, raised by the 1946-47 levy, over the amount which would have been raised in that fiscal year if protestant's plan had been pursued. And the alleged excess of $28,717.11 raised by the current levy is predicated solely upon the difference that would arise by substituting the proposed plan for the one adopted.

The protestant presents the following propositions:

"Proposition 1.  The law does not require that, between the date of issuance and final date of maturity of a bond issue, in each fiscal year in which a

tax may be levied and collected there shall be provided, by tax levy, uniform amounts to be used for the purpose of paying the principal sums of the bonds as they shall fall due.

"Proposition 2. The tax burden for creation of a sinking fund must be divided over the number of fiscal years in which a tax may be levied and collected in amounts as nearly equal as possible during each of those years."

It is evident that the attack is upon the legality of the plan adopted under which for the fiscal year involved there is to be raised an amount equal to the full 1/19 of the principal of the bonds in addition to the full amount of the interest to accrue thereon during the current fiscal year. And that such is true is recognized by protestant. The same question was presented in Perrine v. Bonaparte, Co. Treas., 140 Okla. 165, 282 P. 332, and therein the court, declining to review the basis of earlier holdings, declared the question was settled on authority of the holding in St. Louis-S. F. Ry. Co. v. Andrews, Co. Treas., 137 Okla. 222, 278 P. 617. In C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 P. 48, the question of the levies to retire the principal of the indebtedness was involved. We there held the matter to be settled by the holding in St. Louis-S. F. Ry. Co. v. Bailey, Co. Treas., 125 Okla. 183, 257 P. 784. And, after quoting therefrom, we said:

"We there held, and we now hold, that a bonded indebtedness is a single transaction, and that the fact that the bonds mature in installments at different intervals does not change its character. The necessary levy for sinking fund accrual is ascertained by dividing the entire amount of that bonded indebtedness in equal annual installments. . . .

"We therefore state the rule to be that the number of levies authorized and required to produce funds available for the purpose of retiring bonds at maturity is the number of fiscal years intervening between the date of the issue and the date of maturity in which tax levies can be made and

the tax collected. This will vary in accordance with the date of the bonds and the date of maturity thereof."

In McMahan v. Board of Education of Oklahoma City, 142 Okla. 110, 285 P. 953, we had under consideration levies to retire a bond issue which, in all material respects, are similar to the bonds in the instant case and where the levies made corresponded to the method provided in the instant case. We sustained the levies.

It is recognized that the holding in the McMahan case is clearly in point but protestant contends that in Texas Empire Pipe Line Co. v. Excise Board of Nowata County, 165 Okla. 90, 24 P. 2d 988, there are announced in paragraphs 6 and 7 of the syllabus two rules of law which sustain protestant's contentions. The paragraphs are:

"6. Provision shall be made during each fiscal year for an accrual to the sinking fund sufficient to retire indebtedness at the maturity thereof, and said accruals shall be in equal amounts where the indebtedness matures at one time, but where the indebtedness matures in installments the amounts may not be equal.

"7. The tax burden must be divided over the number of fiscal years in which a tax may be levied and collected in amounts as nearly equal as possible during each of those years."

There is nothing in the paragraphs that supports the contention that the equality of the amount to be raised in each fiscal year to retire the principal indebtedness may be departed from to accomplish equality of the tax burden considered as inclusive of interest. Therein the maturities of the bonds were such that equal annual accruals would not provide sufficient fund to pay at maturity bonds becoming due. We said:

"The plaintiff contends that the amount of the annual accruals to the sinking fund shall be equal. That contention is correct as to some bonds, but that rule cannot be applied to all bonds. As to bonds that mature in installments,

a different rule is required to be applied in order that the requirements of sections 26 and 28, article 10, of the Constitution may be complied with. . . .

"When bonds mature in installments at dates when accruals may not be provided in equal amounts to have on hand sufficient funds to retire the installments at the maturity thereof, the amount appropriated must be greater during the first years of the life of the bonds. In a number of decisions of this court that fact has been overlooked and the language used in those cases has resulted in the confusion existing in this case."

And after calling attention to the holding in earlier cases and repeated in the Coggeshall case, that the annual accrual to the sinking fund to meet the principal obligation must be equal for each fiscal year in which levies are made, it was said:

"It is erroneous in that it cannot be applied to installment bonds. The provisions of the Constitution, supra, require that provision be made for the creation of a sinking fund sufficient to retire bonds at the maturity thereof. As we have repeatedly held, if a number of levies equal to the number of years of the life of the bonds can be made and collected in time to have funds on hand for the retirement of the bonds at maturity, that number of levies must be made, but, if that number of levies may not be made and collected in time to have the funds on hand to retire the bonds at maturity, the largest number of levies that can be made and collected during the life of the bonds must be made. . . .

"We, therefore, hold that as to bonds maturing in installments the tax burden must be divided over the number of fiscal years in which a tax may be levied and collected in an amount as nearly equal as possible during each of those years, so as to have on hand a sufficient amount to retire the bonds as they mature, that is, to have a sufficient amount on hand at the time of the maturity of each of the installments to retire the bonds maturing at that time."

The effect of the holding is that the annual accruals to the sinking fund to retire the principal must be equal unless the fund afforded on such basis is insufficient to retire any installment of the bonds at maturity, in which latter event such equality is to be disturbed to the extent necessary to provide sufficient fund therefor as set forth in the opinion. And, since the sufficiency of the equal annual accruals in the instant case to meet any and all of the bonds at maturity is recognized, it follows, on authority of the quoted case, that the levy is valid. Furthermore, the court was there considering the sinking fund solely with respect to the retirement of the principal indebtedness, and the quoted statement concerning the equality of the burden to create the sinking fund had reference solely to the burden incident to the retirement of the principal indebtedness. And any conclusion that the tax burden the court was there considering was inclusive of the interest on the indebtedness is without support.

The tax burden for the retirement of bonds includes both the principal indebtedness and the interest thereon. They are financed through levies made for the sinking fund, which is a single fund but its needs are determined by consideration and inclusion of all of the items of indebtedness such as bonds, interest, judgments, etc.

The plan pursued by the protestee for the payment of the serial bonds in question and the interest thereon has been followed by municipalities since the passage of the serial bond act. In our opinion, it distributes the tax burden between the tax years as nearly equally as is practical and possible in all of the circumstances.

The judgment denying the protest is affirmed.

HURST, C. J., DAVISON, V. C. J., and RILEY, WELCH, CORN, and LUTTRELL, JJ., concur.