JUDGMENTS AGAINST COUNTIES — METHOD OF PAYMENT The sinking fund created by law is the only source of funds provided by the Oklahoma State Constitution and the statutes of the State of Oklahoma for payment of judgments against the counties. Each county shall make sufficient levy of revenues to pay the judgments against the counties in the method prescribed by law. The Attorney General has considered your request for an official opinion in your letter of May 13, 1971, wherein you state: "A judgment was entered against the county approximately two years ago in the amount of $500.00. The county now desires to pay that judgment. In reviewing the statutes relating to the payment of judgments, I discovered that under Title 62 O.S. 365.5 [62-365.5], a judgment is apparently supposed to be paid from the sinking funds of the county. The statute seems to provide for no other method of payment. Pawnee County has no sinking fund at the present time. How do we then pay the judgment, and from what fund?" To determine the source of funds for the payment of money judgments against the county, we must go to the specific constitutional and statutory provisions. Article X, Section 28, Oklahoma Constitution, provides: "Counties, townships, school districts, cities, and towns shall levy sufficient additional revenue to create a sinking fund to be used, first, for the payment of interest coupons as they fall due; second, for the payment of bonds as they fall due; third, for the payments of such parts of judgments as such municipality may, by law, be required to pay." Title 19 O.S. 6 [19-6] (1961), provides: "When a judgment shall be rendered against the board of commissioners of any county, or against any county officer in any action prosecuted by or against him in his official name, where the same should be paid by the county, no execution shall issue upon the said judgment, but a tax sufficient to pay same shall be levied and collected in like manner as other county taxes, and when collected shall be paid by the county treasurer on the delivery of a proper receipt and the signing of an acknowledgment on the court record of said judgment by the party in whose favor the judgment was rendered, or by his attorney of a record, that same has been satisfied." Title 62 O.S. 431 [62-431] (1961), provides: "It shall be the duty of the officers of each municipal corporation in the State of Oklahoma by law authorized to levy taxes to make a levy each year for a sinking fund, which shall, with cash actually on hand and lawful investments in such fund, excluding taxes in process of collection, be sufficient to pay . . . (3) a sum, after reserving from said cash and investments on hand for bond and bond-interest accruals as aforesaid and judgment accruals theretofore levied for bonds unpaid, equal to one-third (1/3) of the original amount of all outstanding judgments against the municipality . . . .". Title 62 O.S. 435 [62-435] (1961), provides: "Such sinking funds shall be used: . . . "Third. For the payments of judgments against the municipality, if any there be;. . ." In Joint School District No. 172, et al. v. Dabney, 260 P. 486,127 Okl. 234 (1927), the Oklahoma Court held in Syllabus No. 1: "The term municipalities as used in the title of said act, and the term municipal corporation, as used in section 1 thereof, apply to every kind and character of public corporations which are created by Statute or the Constitution of the State and which are dependent for their support and maintenance upon taxes imposed and collected." In State ex rel Hatfield v. Moreland, 3 P.2d 803,152 Okl. 37 (1931), the original Court held in Syllabus No. 17: "Under the provisions of Section 8571, C.O.S. 1921, it is the duty of the officers of the county authorized to levy taxes to make a levy each year for a sinking fund sufficient to pay one-third of the original amount of all outstanding judgments against the municipality. Judgments are required to be paid from that fund in annual installments after levies have been made therefor and there is no provision of the law of Oklahoma for the payment of a judgment against the county in any other manner." Thus, we can see from the above cited authority, that the source for payment of money judgments against the county is the sinking fund created therefor. Concerning the duty to levy taxes to pay money judgments, Article X, Section 28, Oklahoma Constitution, cited above, says the counties shall levy additional revenue to create a sinking fund to be used for the payment of judgments as such municipality may be required to pay. Title 19 O.S. 6 [19-6] (1961), also provides for the levy of a tax to pay judgments against the county. Title 62 O.S. 431 [62-431] (1961), also makes it mandatory upon the officers of each municipal corporation to levy taxes to pay, among other things, judgments against the municipality. Title 68 O.S. 2489 [68-2489] (1970), provides; "The County Excise Board shall comply with the following: "a. Provision and levy for sinking funds of any municipality shall be made in strict conformity to the special statute therefor (62 O.S. 431 [62-431] (1961));. . ." In Board of Education of City of Drumright v. Board of County Commissioners of Creek County, 43 P.2d 139,171 Okl. 464 (1935), the Oklahoma Court held in Syllabus No. 3: "If the county officials fail or refuse to make a tax levy for the payment of a valid judgment against the county, the holder of the judgment, by appropriate action, may compel the making of such levy. . . ." In Hampton, County Treasurer v. Hamilton Construction Company, 48 P.2d 273, 173 Okl. 282 (1935), the Oklahoma Court held in Syllabus No. 2: "Under the provisions of Section 5919 O.S. 1931 where it appears that there are funds on hand in the county sinking fund sufficient to pay the interest coupons falling due during the fiscal year, and all prior matured installments of principal and interest on bonded indebtedness, and all prior charges against said sinking fund, and in addition there are surplus unencumbered funds on hand sufficient to pay a certain judgment against the county, held, that said judgment is a proper charge against said sinking fund, and the owner thereof may maintain an action mandamus to compel the county treasurer to pay and satisfy said judgment of record out of said sinking fund." Concerning the method and manner of payment, Title 62 O.S. 365.5 [62-365.5] (1961), provides: "Money judgments against any county or other municipal subdivisions of the State of Oklahoma shall be paid in the following manner, and may be paid in no other manner. . . ." This statute sets forth the procedure of payment of judgments against the county and steps that the judgment creditor must go through to receive payment of his judgment. The case of Board of Education of City of Drumright v. Board of County Commissioners of Creek County, cited above, states that the holder of a judgment against the county does not have right to immediate payment in full, but does have the right to have tax levies made, one-third each year, and for payment of judgment out of the sinking fund. In Protest of Midland Valley Ry. Co., 29 P.2d 578, 167 Okl. 327 (1934), the Oklahoma Court held in Syllabus No. 2: "The provisions of section 5913 O.S. 1931 constitutes a limitation on the amount of levy for a sinking fund for the purpose of paying judgments, but they do not constitute a limitation on the number of annual levies for that purpose." Section 5913 O.S. 1931 is the basis for our present statute 62 O.S. 431 [62-431] (1961). In summary, the constitutional and statutory provisions mentioned above specify that judgments against the county be paid from the sinking fund created by law for that purpose. There are no other sources of funds provided by law for the payment of judgments. Further, the county shall levy each fiscal year an amount to pay on the judgments against the county, as prescribed by law. It is, therefore, the opinion of the Attorney General that the sinking fund created by law is the only source of funds provided by law for the payment of money judgments against the county. It is further the opinion of the Attorney General that it is the duty of the county to make sufficient levy of revenues to pay the judgment in the method prescribed by law. (Todd Markum)